IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,
KANSAS ATTORNEY GENERAL'S OFFICE,
AMANDA MIRANDA AND HEATHER DUNZ, in their individual and official capacities,
Defendants.

Civil Action No. __2:25-cv-02171__

JURY TRIAL DEMANDED

# COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1. This is a civil rights action brought under **42 U.S.C. § 1983** to redress systemic violations of the **Fourteenth and First Amendments** to the United States Constitution committed by the Kansas Department for Children and Families (DCF) and the Kansas Attorney General's Office.
2. Plaintiff **Angeliina Lynn Lawson**, a non-offending natural parent, was denied access to material records, abuse disclosures made by her child, and procedural fairness by state actors who had a duty to protect the rights of both parent and child.
3. Defendants engaged in **evidence concealment, coercive isolation of a child witness, retaliation, and systemic exclusion** of Plaintiff in matters involving the safety and welfare of her son.
4. Plaintiff further alleges that **her custodial rights were actively sabotaged** by the child's father in coordination with court actors while Plaintiff was deprived of any meaningful opportunity to respond.
5. Plaintiff seeks **monetary damages, declaratory judgment, injunctive relief**, and other remedies to prevent future constitutional violations against similarly situated parents and children.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under **28 U.S.C. § 1331** and **1343(a)(3)** as this action arises under the Constitution and laws of the United States.

7. Venue is proper in the District of Kansas under **28 U.S.C. § 1391(b)**, as the events occurred within this judicial district and involve Kansas state agencies headquartered therein.

## PARTIES

8. Plaintiff **Angeliina Lynn Lawson** is a resident of Leavenworth County, Kansas, and the legal custodial mother of a minor child.
9. Plaintiff brings this action on behalf of herself and as **next friend of her minor child**, D.L., who suffered psychological trauma as a direct result of Defendants' conduct.
10. Defendant **Kansas Department for Children and Families (DCF)** is a state agency responsible for child protection investigations.
11. Defendant **Kansas Attorney General's Office** oversees compliance with Kansas laws, including KORA.
12. **Amanda Miranda and Heather Dunz** are state officials responsible for executing, concealing, or failing to remedy the conduct described herein.

## FACTUAL BACKGROUND AND CONSITUTIONAL INJURY

13. Plaintiff's son made serious disclosures to DCF, including:
    - His father **lied to police** during an abuse investigation.
    - His father **threatened suicide** if the child continued taking his prescribed medication.
    - The **GAL threatened the child**, stating that if he testified truthfully, it would "get worse" for his mother in court.
14. These disclosures were documented in DCF internal records but were **concealed from Plaintiff**, despite her legal status as non-offending parent and ADA advocate.
15. Plaintiff filed a formal **Kansas Open Records Act (KORA)** request to obtain complete abuse records.
16. In response, DCF produced **incomplete, redacted, and misleading records**, failing to disclose critical abuse reports.
17. DCF falsely identified **three closed investigations**, while KORA records listed only **one closed and one pending**, with no explanation for the omitted case. Plaintiff filed a **formal Kansas Open Records Act (KORA) request** for full records and abuse documentation.
18. DCF produced redacted and incomplete records, omitting disclosures critical to the child's safety and Plaintiff's right to legal action.
19. DCF shared confidential records with **non-appointed third parties** but refused to release them to Plaintiff.
20. Plaintiff filed a **KORA complaint with the Kansas Attorney General's Office**, which summarily **denied any wrongdoing by DCF**, despite documented omissions and concealment.
21. Plaintiff was also subjected to **retaliation and obstruction** by DCF staff in response to her protected activity.
22. At no point did the state engage in a meaningful, fair, or transparent process to allow Plaintiff to protect her child or respond to the concealed allegations and omissions.
23. Plaintiff's exclusion from proceedings involving the care, safety, and custody of her child, and the state's refusal to disclose known abuse disclosures, deprived her of the

protected liberty interest identified in *Santosky* and *Troxel*, and violated the minimal procedural guarantees affirmed in *Goss*.
24. During this period, the child's father and legal representatives **manipulated court access** and initiated a campaign to de facto **terminate Plaintiff's parental rights**, while state officials denied Plaintiff access to critical disclosures.
25. Plaintiff's child became **medically diagnosed with trauma** caused by prolonged psychological coercion, isolation, and institutional neglect.
26. These events inflicted **irreparable harm**, including emotional collapse, somatic symptoms (nosebleeds, insomnia, stomach pain, headaches, significant weight loss), and hopelessness.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF FOURTEENTH AMENDMENT (DUE PROCESS)

**(Against All Defendants, Under 42 U.S.C. § 1983)**

27. Plaintiff incorporates all prior paragraphs.
28. Plaintiff holds a **fundamental liberty interest in the care, custody, and management of her child** under *Santosky v. Kramer*, 455 U.S. 745 (1982).
    a. Defendants deprived Plaintiff of due process by:
       • Failing to notify her of abuse disclosures;
       • Concealing or falsifying investigation records;
       • Enabling judicial actions to proceed without her involvement;
       • Refusing to disclose abuse records while communicating with unauthorized parties.
    b. These acts resulted in constitutional injury to both Plaintiff and her son.
29. Defendants' concealment of abuse disclosures, isolation of a child witness, and denial of participation to the protective parent, **amount to a deprivation of liberty interests protected by the Fourteenth Amendment**, including:

    - The child's right to bodily integrity,
    - The parent's right to protect their child,
    - And both parties' right to be free from state-enabled coercion and psychological injury.

30. These violations were not merely negligent but **deliberate, sustained, and causally connected** to the constitutional harms suffered.
31. Plaintiff further alleges that the father of the minor child, in coordination with court actors, exploited Plaintiff's exclusion from proceedings to initiate legal efforts to terminate her parental rights — while DCF and the GAL continued to conceal abuse-related disclosures. The totality of these actions deprived Plaintiff of her constitutional right to maintain a relationship with her child and contributed to what amounts to the coercive alienation of custody.

- *Santosky v. Kramer*, 455 U.S. 745 (1982): Parents have a fundamental liberty interest in the care and custody of their children.
- *Troxel v. Granville*, 530 U.S. 57 (2000): Parental rights are among the oldest fundamental liberty interests recognized by the Court.
- *Goss v. Lopez*, 419 U.S. 565 (1975): Even temporary deprivation of protected interests requires notice and a fair hearing.

## COUNT II – VIOLATION OF FIRST AMENDMENT (RETALIATION)

### (Against DCF and Individual Officials, Under 42 U.S.C. § 1983)

32. Plaintiff engaged in protected activity by filing KORA requests, seeking transparency, and objecting to exclusion from her son's case.
    a. DCF officials responded with:
       • Harassment, redactions, and denials;
       • Exclusion from court-related access;
       • Obstructive and retaliatory communications.
33. These acts **chilled Plaintiff's right to petition the government** and advocate for her child.
34. Plaintiff's conduct—filing grievances, public record requests, and legal objections—is protected under *Hartman* and *Worrell*. The state's redactions, refusals, and retaliatory omissions were adverse actions designed to chill her advocacy.
    - *Hartman v. Moore*, 547 U.S. 250 (2006): Retaliation for petitioning government is actionable even when initiated by state officials.
    - *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000): Plaintiff must show protected activity, adverse action, and causal connection.

## COUNT III – MONELL CLAIM FOR CUSTOM, POLICY, OR PRACTICE

### (Against DCF and AG's Office, Under 42 U.S.C. § 1983)

35. The violations were not isolated but the result of **a widespread pattern and official practice** of:

    - Concealing child abuse reports.
    - Retaliating against parents who assert their rights;
    - Failing to enforce internal grievance protections.
36. These systemic failures constitute a **custom or policy of violating federal constitutional rights**, actionable under *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978).

37. The consistent refusal by DCF and the AG to investigate or disclose abuse, even after Plaintiff filed formal KORA complaints, evidences deliberate indifference under *Bryan County*, and constitutes a systemic failure of oversight actionable under *Monell* and *Pembaur*.
    - *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986): A single decision by a final policymaker may trigger Monell liability.
    - *Bryan County v. Brown*, 520 U.S. 397 (1997): Failure to train or supervise can establish Monell liability when it amounts to deliberate indifference.

## COUNT IV – DEPRIVATION OF BODILY INTEGRITY AND STATE-CREATED DANGER

(*Against All Defendants, 42 U.S.C. § 1983*)

38. Under **DeShaney v. Winnebago**, 489 U.S. 189 (1989), and **Currier v. Doran**, 242 F.3d 905 (10th Cir. 2001), state actors may be held liable for affirmatively creating danger.
39. Defendants concealed abuse disclosures, failed to act on credible risk, and enabled court actors to manipulate and isolate the child.
40. The child was subjected to **coercion, psychological injury, and irreparable harm**, including threats by state-appointed guardians.
41. Moreover, Plaintiff's child was subject to coercive pressure by court-appointed actors, including the Guardian Ad Litem (GAL), who threatened that testifying truthfully about abuse would result in harm to his mother. This intimidation constitutes a violation of the child's and the parent's Fourteenth Amendment rights to be free from state-facilitated retaliation and fear.
42. These harms were **foreseeable** and directly caused by Defendants' deliberate indifference.
43. As in *Armijo*, Defendants knowingly placed the child in a position of danger and then failed to act, despite having direct knowledge of abuse-related disclosures. Their conduct created and exacerbated risk to bodily and psychological integrity.

    - *Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253 (10th Cir. 1998): State actors liable when they place a vulnerable individual in known danger with foreseeable harm.
    - *Schwartz v. Booker*, 702 F.3d 573 (10th Cir. 2012): State officials may not induce reliance on misleading information while concealing risk.

## PRAYER FOR RELIEF

A. Declare that Defendants violated Plaintiff's and her child's constitutional rights under the First and Fourteenth Amendments;

B. Award **compensatory damages** for emotional distress, loss of parental rights, and harm to the child;
C. Award **special damages** for the child's psychological and physical injuries, supported by medical diagnosis;
D. Award **punitive damages** against individual officials for willful misconduct;
E. Grant **injunctive relief** requiring:

1. Full release of all DCF records;
2. Prohibition on withholding abuse disclosures from non-offending parents;
3. Implementation of grievance protocols to safeguard due process in child protection cases;

F. Appoint a **federal monitor or special master** to oversee compliance;
G. Award costs and attorneys' fees under **42 U.S.C. § 1988**;
H. Grant any further relief the Court deems just and necessary.

## JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

Date: April 1, 2025

Respectfully submitted,

Angeliina Lynn Lawson
1914 5th Ave
Leavenworth, KS 66048
AngeliinaLawson@gmail.com
(913) 972-1661
**Sui Juris Pro Se Plaintiff**