UNITED STATES DISTRICT COURT
for the District of Kansas

Angeliina Lynn Lawson,

                Plaintiff,

v.                                  Case No.:  2:25-CV-02171-JMB-TJJ

Kansas Department for
Children and Families, et al.,

                Defendants.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**and**
**MEMORANDUM IN SUPPORT OF SAME**

COME NOW the Defendants, the Kansas Department for Children and Families (referred to as "KDCF"), and Amanda Miranda and Heather Dunz, in their official and individual capacities as employees of KDCF (collectively referred to as the "KDCF Defendants"), by and through their attorney Marc Altenbernt, and hereby move this Court to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and (1), and Local Rule 7.1, and in support thereof, hereby state as follows:

**STATEMENT OF THE RELIEF SOUGHT**

The KDCF Defendants move this Court to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject matter jurisdiction due to Eleventh Amendment Immunity.

**NATURE OF MATTER BEFORE THE COURT**

The Plaintiff filed her Complaint against the KDCF Defendants and the Kansas Attorney General sounding in the following claims: (1) Violation of the Fourteenth Amendment (Due

Process); (2) Violation of the First Amendment – Retaliation; (3) Monell Claim for Custom, Policy, or Practice; and (4) Deprivation of Bodily Integrity and State Created Danger. All four causes of action relate to a custody dispute involving her former spouse and their minor child.

## STATEMENT OF FACTS

The Plaintiff's Complaint alleges that her minor son made disclosures to the KDCF Defendants that his father had lied to the police and threatened suicide, and that the guardian ad litem threatened the child [Document 1, Paragraph 13]. The Plaintiff then alleges that when she requested copies of KDCF documents created in response to receiving the disclosures from the child, she received copies that contained redactions or were otherwise incomplete [Id. at Para. 16-19]. The Plaintiff further alleges she was subjected to "retaliation and obstruction" by the KDCF Defendants after making her open records requests, although she does not identify what conduct constituted retaliation and obstruction [Id. at Para. 21]. The remaining allegations concern the Plaintiff being excluded from proceedings involving the care and custody of her child, although she does not identify the subject proceedings or how she was excluded [Id. at Para. 23-24]. The Plaintiff requests monetary damages, special damages, punitive damages, and injunctive relief [Id., "Prayer for Relief"].

## ARGUMENT AND AUTHORITIES

**I.   Plaintiff's Complaint Should be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim.**

In order to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a)(2), a plaintiff must allege "a short and plain statement of the claim showing that the pleader is entitled to relief" (emphasis added). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court offered the following regarding federal pleading standards,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' **requires more than labels and conclusions**, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation). **Factual allegations must be enough to raise a right to relief above the speculative level**, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ('[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action')….

Twombly, 550 U.S. at 555-556 (emphasis added). While the Plaintiff identifies four specific causes of action, she fails to provide a sufficient factual basis for any of them.

   A.   **Count I – Violation of Fourteenth Amendment (Due Process)**

The Tenth Circuit uses a two-step process to determine whether a plaintiff's procedural due process rights were violated:[1] "(i) [d]id the individual possess a protected property [or liberty] interest to which due process protection was applicable?; and (ii) [w]as the individual afforded an appropriate level of process?" Camuglia v. City of Albuquerque, 448 F.3d 1214, 1219 (10th Cir. 2006). "[O]nce it is determined that the Due Process Clause applies, the question remains what process is due." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 541, 105 S.Ct. 1487 (citing Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).

The Plaintiff alleges that she has a "fundamental liberty interest in the care, custody, and management of her child…." [Doc. 1, Para. 28]. While this technically an accurate contention, the Plaintiff fails to identify how exactly the stated liberty interest was violated by the KDCF Defendants.

Specifically, the Plaintiff alleges that "all Defendants" "deprived [her] of due process by:

---

[1] The KDCF Defendants presume the Plaintiff is alleging procedural due process violations, as opposed to substantive due process violations, since the conduct she complains of seems procedural in nature. The Plaintiff fails to distinguish between the two, however.

- Failing to notify her of abuse disclosures;

- Concealing or falsifying investigation records;

- Enabling judicial actions to proceed without her involvement;

- Refusing to disclose abuse records while communicating with unauthorized parties." [Id.].

First, none of the foregoing bullet points constitute a liberty interest. Second, in the event the Plaintiff is attempting to allege that the foregoing bullet points constitute a failure of due process relating to her child, the Plaintiff fails to identify how. This lack of information makes it impossible for the KDCF Defendants to respond to these allegations.

Moreover, the KDCF Defendants are aware that the Plaintiff was recently involved in a custody case involving the child at issue in this Complaint in Leavenworth County, Kansas, case no. LV-2025-CV-000070, of which this Court may take judicial notice. The Plaintiff filed a petition against her former spouse for full custody of their child. The case was dismissed on May 12, 2025. The Plaintiff's failure to disclose this matter is relevant to this motion because the KDCF Defendants are unsure as to what "judicial actions" were allowed to proceed without her involvement. The KDCF Defendants obviously have no control over what a trial court in Leavenworth County does in its own case.

In addition, the Plaintiff alleges that the KDCF Defendants concealed or falsified records and failed to disclose abuse records. The Plaintiff fails to allege what records she is referring to and how the alleged conduct violates her due process rights. Based on her previous allegations, it seems like that the records the Plaintiff is referencing are the KDCF Defendants' responses to her open records requests [Doc. 1, Paras. 13-19]. If these are the documents being referenced, then

they fail to qualify as either a liberty interest or a failure of due process that violates the Fourteenth Amendment. As such, Count I should be dismissed for failure to state a claim.

### B.     Count II – Violation of First Amendment

The Plaintiff claims she was retaliated against by the KDCF Defendants when she submitted open records requests [Doc. 1, Para. 32]. The alleged retaliation took the form of:

- Harassment, redactions, and denials;
- Exclusion from court-related access;
- Obstructive and retaliatory communications.

[Id.]. None of the aforementioned allegations amounts to retaliation in violation of the First Amendment. First, the Plaintiff fails to identify what actions by the KDCF Defendants would constitute "harassment." Second, based upon prior allegations at paragraphs 13-19, it appears the "redactions," "denials," "obstruction," and "retaliatory communications" relate to KDCF's responses to her open records requests. While the Plaintiff may believe KDCF Defendants' responses were in violation of the Kansas Open Records Request, they do not constitute a violation of the First Amendment since she has failed to allege any right to the information she requested, aside from offering conclusory allegations. Simply put, federal court is not an appropriate forum for the Plaintiff to address the Kansas Open Records Act.

The additional allegations of retaliation have nothing to do with the KDCF Defendants. The Plaintiff references being excluded from "court-related access," but again fails to provide any details. Regardless, the KDCF Defendants have no control over court-related access. It is likely the Plaintiff again refers to the custody case that was dismissed in Leavenworth County which seems to have been the impetus for this case. Either way, the KDCF Defendants have nothing to

do with the Plaintiff's rights in court. As such, this Court should dismiss Count II of the Plaintiff's Complaint.

### C. Claim III - Monell Claim for Custom, Policy, or Practice

The Plaintiff claims the following allegations constitute an unlawful custom, policy, or practice:

- Concealing child abuse reports.
- Retaliating against parents who assert their rights;
- Failing to enforce internal grievance protections.

The first two allegations refer back to allegations made in the earlier causes of action [Id. at Para. 35]. The "concealing child abuse reports" and "retaliating against parents who assert their rights" allegations refer to what the Plaintiff believes are in violation of the Kansas Open Records Act. As stated previously, the Plaintiff has failed to offer sufficient facts to substantiate any claim she may have concerning either the KDCF Defendants' responses to her open records requests or this Court's authority to address same. The third allegation, i.e., "failing to enforce internal grievance protections" is equally insufficient. What internal grievance protections? How were they not enforced? This Court should dismiss Count III to the Plaintiff's Complaint.

### D. Count IV – Deprivation of Bodily Integrity and State Created Danger

The Plaintiff next asserts that the KDCF Defendants should be found liable for "affirmatively creating danger" to her child [Doc. 1, Para. 38]. She further alleges that such danger was created by the KDCF Defendants "conceal[ing] abuse disclosures, fail[ing] to act on credible risk, and enabl[ing] court actors to manipulate and isolate the child" [Id.]. None of the alleged conduct amounts to "affirmatively" placing a child in danger. There are no allegations that the KDCF Defendants had custody of the minor child or placed the minor child. In fact, the

aforementioned custody case reveals that the child's father has custody and the KDCF Defendants have no involvement with the child (or case) in any way.

The allegation of the KDCF Defendants concealing abuse disclosures is contradicted by the Plaintiff's other allegations. To the extent the Plaintiff is referring to the KDCF Defendants' refusal to provide unredacted records to her concerning allegations of abuse pertaining to the minor child, this does not amount to concealing abuse disclosures. The Plaintiff has failed to identity any legal grounds that give her the absolute right to receive unredacted documentation concerning the investigation of abuse or neglect. This is particularly true if the subject of the investigation may be the Plaintiff herself. Nonetheless, none of the allegations made reflect the KDCF Defendants placing a child in danger. Again, the placement decision for the child was made entirely by the custody court in Leavenworth County, with no involvement from KDCF or its employees. The remaining allegations in Count IV are directed at parties the KDCF Defendants have no control over, e.g., the guardian ad litem or trial court. As such, this Court should dismiss Count IV.

### E.      Failure to Identify Conduct of Individual Defendants Miranda and Dunz.

The Plaintiff sues KDCF employees Miranda and Dunz in both their official and individual capacities [Doc. 1, Para. 12]. However, the Plaintiff fails to identify any illegal acts performed by them specifically. The only allegation that identifies them at all simply reads, "Amanda Miranda and Heather Dunz are state officials responsible for executing, concealing, or failing to remedy the conduct described herein" [Id.]. What conduct? Improperly responding to open records requests? Failing to protect the minor child? Inhibiting her involvement in court proceedings? The failure to allege specific conduct not only violates basic federal pleading standards, it also makes it

impossible for the KDCF Defendants to determine whether Miranda and Munz are protected by qualified immunity, which is relevant given their having been named in their individual capacities.[2] As such, Counts I – IV should be dismissed as Miranda and Munz, specifically.

## II. The Plaintiff's Complaint as to KDCF and Miranda and Munz in Their Official Capacities Should be Dismissed Pursuant to Rule 12(b)(1) Due to Eleventh Amendment Immunity.

The Plaintiff brings all four of her counts pursuant to 42 U.S.C. section 1983 [Doc. 1, Counts I-IV]. "It is well-settled that the Eleventh Amendment, in the absence of consent, bars suit against the state or one of its agencies or departments in federal court." Barger v. State of Kan., 620 F. Supp. 1432, 1434 (D. Kan. 1985) (citations omitted). This bar applies regardless of the nature of the relief sought. Id. Moreover, the United States Supreme Court has expressly ruled that there was no intent by Congress to override the granting of Eleventh Amendment immunity by enacting the Civil Rights Act. Id. (citing Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)). See also Will v. Michigan Dept. of State Police, 91 U.S. 58, 69 (1989) (finding, "In our view…§ 1983 itself and its legislative history, fails to evidence a clear congressional intent that States be held liable). "[O]nce effectively asserted[,] [Eleventh Amendment] immunity **constitutes a bar to the exercise of federal subject matter jurisdiction**." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 558-59 (10th Cir. 2000) (emphasis added).

In other words, KDCF, as an agency of the State of Kansas, is immune from suit under 42 U.S.C. § 1983. As such, this Court should strike Counts I-IV of the Plaintiff's Complaint as to

---

[2] This Court should note that the Plaintiff has failed to allege sufficient facts to defeat the defense of qualified immunity. "On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985).

KDCF for want of subject matter jurisdiction under Rule 12(b)(1). In addition, this immunity "extends to…state officials who are sued for damages in their official capacity." <u>Williams v. Utah Department of Corrections</u>, 928 F.3d 1209, 1212 (10th Cir. 2019). As such, Defendants Miranda and Munz, sued in their official capacity, should be dismissed pursuant to Rule 12(b)(6), with respect to the Plaintiff's claims seeking monetary damages.

WHEREFORE, the Defendants the Kansas Department for Children and Families and Amanda Miranda and Heather Dunz, in their official and individual capacities as employees of KDCF, respectfully request that this Court dismiss the Plaintiff's Complaint consistent with the foregoing and for any other relief it deems just.

Respectfully Submitted,

*/s/ Marc Altenbernt*
Marc Altenbernt, SC#28745 General Counsel
Kansas Department for Children and Families
555 S. Kansas Ave., 6th Floor
Topeka, KS 66603
Tel:   (785) 250-0380
Fax:   (785) 296-4960
Marc.Altenbernt@ks.gov
*Attorney for Defendants, DCF*

**CERTIFICATE OF SERVICE**

I hereby certify that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court on the 2nd day of June 2025, and to Plaintiff, via email:

AngliinaCourtRecords@gmail.com

*/s/ Marc Altenbernt*
Marc Altenbernt, #28745