IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANGELINA LYNN LAWSON,** ) | |
| ) | |
| Plaintiff, and as next friend of D.L., a minor ) | |
| ) | |
| vs. ) | Case No. 25-CV-2171 |
| ) | |
| **KANSAS DEPARTMENT FOR CHILDREN,** ) | |
| **AND FAMILIES,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MOTION TO DISMISS

COMES NOW, the Kansas Attorney General's Office, by and through its attorney, Bradley Eugene Avery, and moves the Court for an Order of Dismissal in the above cited case. In support thereof, the Attorney General states the following: The Plaintiff, Angelina Lynn Lawson, has filed suit against the Kansas Attorney General's Office under K.S.A. 42 U.S.C. 1983 seeking monetary and injunctive relief in the amount of $150,000.00, alleging that her rights and her son's rights were violated under the 1st and 14th Amendments to the United States Constitution. (Document 13, page 2).

## STATEMENT OF FACTS

On March 12, 2025, Assistant Attorney General Amber Smith, after investigating a Kansas Open Records Act complaint filed by Angelina Lawson, alleging that "when the (Kansas) Department of Children and Families responded to your Kansas Open Record Act (KORA) request, "The information was inaccurate stating there was only one case closed and one pending." Also alleged is that the Department of Children and Families DCF refused to provide records on the closed case and that "There is a missing closed case." Ms. Smith noted

1

that the Attorney General's Office had jurisdiction to review the alleged violations of the KORA. She concluded her findings as follows:

> We have carefully reviewed your complaint and supporting document. Based on our review of the documents submitted in this matter we are unable to identify a violation of the KORA. The KORA generally declares that public records shall be open for inspection by any person unless otherwise provided by the Act. The KORA requires a public agency to provide copies of public records if requested under the Act, unless the record is exempt from disclosure. The KORA provides that a public agency may not be required to disclose certain records; there are some 55 categories of records that public agencies are not required to disclose. The KORA does not prohibit disclosure of records contained within these exceptions, but makes their release discretionary with the agency's official records custodian. The burden is on the public agency opposing disclosure to justify the decision not to release the public records.

On April 1, 2025, Ms. Lawson, the plaintiff in this matter, filed a Complaint for Damages Declaratory and Injunctive Relief against the Kansas Attorney General's Office alleging numerous counts of alleged negligence and other wrong doing and requesting that she be awarded $150,000 to compensate her for emotional distress, reputational harm, and violation of her federal rights.

In addition to the Attorney General's Office, plaintiff has filed a complaint for damages, declaratory and injunctive relief, alleging civil rights violations under 42 USC 1983 to "redress systemic violations of the 14th and 1st Amendments to the United States Constitution committed by the Kansas Department of Children and Families and the Kansas Attorney General's Office."

Ms. Lawson also seeks injunctive relief requiring the Attorney General's Office to "adopt proper oversight mechanisms to ensure compliance with the Kansas Open Records Act in child welfare and civil rights contexts."

## **ARGUMENTS**

1) **The Attorney General's Office is immune from paying monetary damages by virtue of the 11th Amendment to the Constitution.**

> The 11th Amendment applies to any action brought against a state in federal court, including suits initiated by a state's own citizens."). Only waiver by the State or a valid abrogation by Congress are sufficient to remove the shield of Eleventh Amendment immunity Congress did not intend to abrogate the immunity of states under the Eleventh Amendment when it enacted 42 U.S.C. 1983.  Defendants are entitled to absolute immunity for acts performed in their official capacity, for state officials acting in their official capacity are not persons within the meaning of 42 U.S.C. 1983. **Neal v. Lewis 325 F. Supp. 2d 1231 2004 citing   Will v. Mich. Department of State Police,** 491 U.S. 58, 66-71; 109 S.Ct. 2304, 105 L.Ed. 2d. 45 (1989).

The Eleventh Amendment to the United States Constitution precludes suing a state in federal court for money that would be paid from the state treasury based on the past conduct of state officials. This is a form of sovereign immunity, under which the government cannot be sued without its consent.

K.S.A. 75-6109 states that "Except as otherwise provided in the Kansas (tort) claims act, a governmental entity is liable, and shall indemnify its employees against damage for injury or damage proximately caused by an act or omission of an employee within the scope of his or her employment."   Thus, any award for damages in this case would come from the state treasury and which would be clearly violative of the 11th amendment.

The United States Supreme Court has held that the Eleventh Amendment prohibits suits in federal court against states for damages, unless the state waives its immunity. *See Ambus v. Granite Bd. of Educ.,* 975 F.2d 1555, 1560 (10th Cir.1992) (citing *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355. Congressional enactment of 42 U.S.C. § 1983 did not abrogate States' Eleventh Amendment immunity. *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1145–46, 59 L.Ed.2d 358 (1979), 39 L.Ed.2d 662 (1974) .   K.S.A. 75-6116(g) states,

"Nothing in the section or in the Kanas Tort Claims Act shall be construed as a waiver by the State of Kansas of immunity from suit under the 11th amendment."

In *Jones vs. the Department of Corrections* 52 Kan. App 2d 853 (2016) the plaintiff, a Kansas prison inmate, obtained a money judgment in federal court against a former prison guard for violation of the prisoner's federal civil rights. When the plaintiff couldn't collect that judgment because he couldn't locate the former guard or any of the guard's assets, he filed the federal judgment against the guard in Kansas state court and attempted to collect it against the guard's employer, the Kansas Department of Corrections. He cannot do so because the claim arose under federal law, Kansas was immune from suit in federal court for that claim, and Kansas has not waived its sovereign immunity.

Jones's judgment against the prison guard came on a civil-rights claim under a federal statute, 42 U.S.C. § 1983. Neither the Kansas Department of Corrections nor the State of Kansas was a defendant in the federal lawsuit. In fact, they couldn't have been because the Eleventh Amendment precludes suing a state in federal court for money that would be paid from the state treasury based on the past conduct of state officials. See *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Jones*, 466 Fed.Appx. at 698–701.

2)  The Defendants are entitled to qualified immunity

A public employee is entitled to qualified immunity in all but the most exceptional cases. T*onkovich v. Kansas Board of Regents* 159 F. 3d 504, 516 (10th Cir. 1998). "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ramirez v. Oklahoma Dep't of Mental Health,* 41 F.3d 584, 592 10th

Cir.1994) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)); *cf. Harris v. Board of Educ. of the City of Atlanta,* 105 F.3d 591, 595 (11th Cir.1997) "In all but the most exceptional cases, qualified immunity protects government officials performing discretionary functions from the burdens of civil trials and from liability for damages.")

The defense of qualified immunity is available only in suits against officials sued in their personal capacities, not in suits against officials sued in the official capacities. *Starkey v. Boulder Soc. Servs* F. 3d. 1019-1022 (10th Circuit 2013). The plaintiff has named two individuals in the suit acting in their personal and official capacities.

Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ramirez v. Oklahoma Dep't of Mental Health,* 41 F.3d 584, 592 10th Cir.1994) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)); *cf. Harris v. Board of Educ. of the City of Atlanta,* 105 F.3d 591, 595 (11th Cir.1997)

Under Tenth Circuit law, a plaintiff seeking to avoid summary judgment on qualified immunity grounds must satisfy a heavy two-part burden by showing the defendant violated a constitutional or statutory right and the right was clearly established at the time of the defendant's unlawful conduct. *Mecham v. Frazier*, 500 F.2nd 1200 (10th Circuit 2007).

In this case, it is clear that no defendant named by the plaintiff denied a constitutional or statutory right. Defendants are entitled to qualified immunity. The process about which the

plaintiff complains regardi9ng the Attorney General's Office was about the results in obtaining records.

There is no evidence that plaintiff's constitutional rights were infringed. A public employee is entitled to qualified immunity in all but the most exceptional cases. *Tonkovich v. Kansas Board of Regents* 159 F. 3d 504, 516 (10th Cir. 1998). ("In all but the most exceptional cases, qualified immunity protects government officials performing discretionary functions from the burdens of civil trials and from liability for damages.")

In this case, it is clear that no defendant named by the plaintiff deprived the plaintiff of a constitutional or statutory right. The process about which the plaintiff complains was a result of an investigation the plaintiff requested. The fact that the plaintiff did not like the results does not rise to the level of a constitutional issue.

3)**The Attorney General's Office did not receive proper or timely service in accordance to Rules 12(b)(4) and (5)**   The plaintiff alleges the Attorney General's Office was served on April 29, 2025 with a summons and complaint by the U.S. Marshall's Office. However, the Attorney General's office staff has no record of receiving service from the plaintiff.  The only service received has been from secondary sources who were served.

Both offices of the U.S. Marshall serving Kansas were consulted and no service on the Attorney General's Office was provided by the U.S. Marshall's Office.  According to their records, service was provided by registered mail.  No service by registered mail has been received.

                                            Respectfully submitted,

                                            KRIS W. KOBACH

        Attorney General

        */s/ Bradley E. Avery*
        Bradley E. Avery, KS #13071
        Assistant Attorney General
        Memorial Bldg., 2nd Floor
        120 SW 10th Avenue
        Topeka, Kansas 66612-1597
        Tel: (785) 296-2215
        Fax: (785) 291-3767
        Email:  brad.avery@ag.ks.gov
        *Attorney for Defendant*
        *Kansas Attorney General*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of June, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Angeliina Lynn Lawson
1914 5th Avenue
Leavenworth, Kansas 66048

        *s/ Bradley E. Avery*
        Bradley E. Avery, KS #13071
        Assistant Attorney General