UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Angeliina Lynn Lawson,
Plaintiff and Next Friend of D.L., a Minor
v.
Kansas Department for Children and Families, et al.,
Defendants.

Case No. 2:25-CV-02171-JWB-TJJ

Jury Trial Demand

PLAINTIFF'S OPPOSITION TO ATTORNEY GENERAL'S MOTION TO DISMISS
ON SERVICE AND JURISDICTIONAL GROUNDS

NOW COMES Plaintiff Angeliina Lynn Lawson and Next Friend of D.L., a Minor, proceeding *in forma pauperis* (IFP) and *pro se*, respectfully opposing the Kansas Attorney General's Office Motion to Dismiss (Doc. 17). Plaintiff addresses the argument that service was insufficient under Rules 12(b)(4) and (5) and affirms the procedural validity of service conducted through the U.S. Marshal Service pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3).

I. PLAINTIFF IS PROCEEDING IFP AND SERVICE WAS PROPERLY DELEGATED TO THE U.S. MARSHAL

Plaintiff was granted IFP status by this Court, which legally delegates the responsibility of service to the U.S. Marshal's Office. Under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), once IFP status is granted:

"*The officers of the court shall issue and serve all process, and perform all duties in such cases.*"

Plaintiff timely submitted all necessary summons documents to the U.S. Marshal in April 2025. Verbal confirmation has been received from the Marshal's Office indicating service was completed on April 29, 2025.

The only delay is with the green return receipt ("green card") from the U.S. Postal Service, which is outside Plaintiff's control. As established by case law:

"*An IFP plaintiff should not be penalized when the U.S. Marshal fails to serve defendants timely or if there is uncertainty around postal confirmation.*"
(*See Moore v. Jackson*, 123 F.3d 1082 (8th Cir. 1997); *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987)).

Therefore, any alleged service defect is procedural and curable, not grounds for dismissal.

## II. REQUEST FOR CLARIFICATION OR CURATIVE RELIEF IF NECESSARY

To the extent the Court finds that receipt of the green card is required for formal proof, Plaintiff respectfully requests either:

1. Leave to file proof of service once the postal return is delivered, or
2. Authorization for the U.S. Marshal to file their own certificate, as required under Rule 4(l).

Dismissal is not appropriate where Plaintiff has made good faith, statutorily compliant service efforts, and where U.S. Marshal action and postal delays are the only obstacle.

## III. THE ATTORNEY GENERAL'S MOTION IS UNTIMELY

The record confirms that the U.S. Marshal served the Kansas Attorney General's Office on April 29, 2025, as stated in Plaintiff's filings and consistent with the Marshal's confirmation and the AG's motion to dismiss. Under Fed. R. Civ. P. 12(a)(1)(A)(i), the AG's Office had 21 days—until May 20, 2025—to respond. Yet, no appearance or motion was filed until June 6, 2025, when counsel entered a Notice of Appearance 38 days after service and 17 days after the deadline. The AG's Motion to Dismiss (Doc. 17) was filed only after Plaintiff initiated default proceedings (Docs. 12 and 13), further confirming the reactive nature of their appearance and lack of procedural diligence.

## IV. ENTRY OF DEFAULT WAS PROPER AND SHOULD BE PRESERVED

The AG's failure to appear or plead within the required timeframe justifies Plaintiff's Motion for Default Judgment filed on June 3, 2025. The AG's delay prejudiced Plaintiff by obstructing early case management and failing to comply with Rule 55(a)'s obligation to defend the case. The Court has discretion to enforce strict compliance with Rule 12 deadlines, especially in cases where a government defendant is fully aware of the lawsuit and still fails to respond until after default proceedings begin. Thus, Plaintiff maintains that default proceedings were appropriately triggered and should not be retroactively excused by the AG's late appearance.

See Plaintiff's prior filings at Docs. 12 and 13 regarding timely default motion and service history.

## V. PRESERVATION OF PLAINTIFF'S SEVENTH AMENDMENT RIGHT TO JURY TRIAL

Plaintiff has clearly and timely invoked her constitutional right to a jury trial under Rule 38(b) of the Federal Rules of Civil Procedure, as noted in both the original complaint and docket caption. This matter involves significant factual questions concerning retaliation, denial of parental rights, suppression of abuse disclosures—all of which implicate credibility and intent. These are precisely the types of disputed issues that require jury resolution, not dismissal at the pleadings stage.

As the Tenth Circuit has recognized, summary or pre-discovery dismissal of constitutional claims involving family integrity and state retaliation "should rarely occur" where factual development is needed to evaluate motive, knowledge, and deliberate indifference. Dismissing this case before discovery would infringe on Plaintiff's Seventh Amendment right to have these facts weighed by a jury.

## VI. PLAINTIFF'S SERVICE WAS COMPLETED AND RETURN IS DEALYED DUE TO POSTAL LAG

Plaintiff affirms that the U.S. Marshal served the Kansas Attorney General's Office on April 29, 2025, consistent with U.S. Marshal verbal confirmation. However, due to documented delays in USPS delivery of certified mail green cards, the return of executed service has not yet appeared on the Court's docket. Plaintiff is in contact with the Marshal and they stated will promptly file the return receipt upon receipt from the postal service. Given Plaintiff's in forma pauperis status under 28 U.S.C. § 1915, she is not responsible for these service delays, and courts have routinely held that IFP litigants cannot be penalized for delays caused by the U.S. Marshal or USPS (*Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987)). Therefore, Plaintiff respectfully requests the Court preserve her claims and allow supplementation of service proof.

## VIII. Clarification of Relief Sought Against the Kansas Attorney General's Office

Plaintiff affirms that all claims asserted against the Kansas Attorney General's Office are limited to prospective declaratory and injunctive relief only. Plaintiff does not seek monetary damages from this state agency. Plaintiff respectfully invokes the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which authorizes federal courts to grant injunctive relief against state agencies and officials when constitutional violations are ongoing or systemic. This includes the relief requested in Plaintiff's Complaint—such as transparency of records, compliance oversight, and policy enforcement related to child protection and constitutional rights.

To be clear, Plaintiff does not seek any form of retrospective relief or compensation payable from the state treasury. This Court retains jurisdiction over these forward-looking claims, which remain actionable under 42 U.S.C. § 1983 and binding Supreme Court precedent.

PRAYER FOR RELIEF

For the reasons above, Plaintiff respectfully asks this Court to:

1. Deny the Attorney General's Motion to Dismiss, including any arguments relating to untimely service, in light of Plaintiff's IFP status and confirmed Marshal delivery;
2. Grant leave to supplement the record with formal proof of service (e.g., green card or USM-285 form) when it arrives via postal processing;
3. Preserve Plaintiff's right to a jury trial and allow the case to proceed to discovery on the merits;
4. Declare that Plaintiff's request for prospective injunctive and declaratory relief against the Kansas Attorney General's Office is within the Court's jurisdiction under Ex parte Young, and not barred by the Eleventh Amendment.
5. Provide any further relief deemed just and equitable, including clarification or instructions to the U.S. Marshal regarding certification of service on the AG.

Respectfully submitted,

*/s/ Angeliina Lynn Lawson*

Angeliina Lynn Lawson, Pro Se
Plaintiff and Next Friend of D.L., a Minor
1914 5th Ave, Leavenworth, KS 66048
Email: angeliinacourtrecords@gmail.com
Phone: (913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2025, I filed the following document with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification to all parties registered to receive notice through the system:

- Plaintiff's Opposition to the Kansas Attorney General's Motion to Dismiss

Additionally, because Defendant Kansas Attorney General's Office recently entered an appearance, I am also serving a copy of this filing via U.S. Mail to the following:

Bradley E. Avery
Assistant Attorney General
Memorial Building, 2nd Floor

120 SW 10th Avenue, Topeka, KS 66612
Email: brad.avery@ag.ks.gov

Marc Altenbernt
General Counsel, Kansas DCF
555 S. Kansas Avenue, 6th Floor, Topeka, KS 66603
Email: marc.altenbernt@ks.gov

Respectfully submitted,

*[signature]*

Angeliina Lynn Lawson, Pro Se
Plaintiff and Next Friend of D.L., a Minor
1914 5th Ave, Leavenworth, KS 66048
Email: angeliinacourtrecords@gmail.com
Phone: (913) 972-1661