UNITED STATES DISTRICT COURT
for the District of Kansas

Angeliina Lynn Lawson,

                Plaintiff,

v.                                    Case No.: 2:25-CV-02171-JMB-TJJ

Kansas Department for
Children and Families, et al.,

                Defendants.

**REPLY BRIEF IN SUPPORT OF
KDCF'S MOTION TO DISMISS THE COMPLAINT**

COME NOW the Defendants, the Kansas Department for Children and Families (referred to as "KDCF"), and Amanda Miranda and Heather Dunz, in their official and individual capacities as employees of KDCF (collectively referred to as the "KDCF Defendants"), by and through their attorney Marc Altenbernt, and for their Reply Brief In Support of Their Motion to Dismiss Plaintiff's Complaint, hereby state as follows:

**I.    Plaintiff Concedes That the 42 U.S.C. § 1983 Claims Made Against KDCF Should be Dismissed Pursuant to Eleventh Amendment Immunity.**

The Plaintiff admits that KDCF "cannot be sued for damages under § 1983" [Document 16, Page 12, Paragraph 3]. However, the Plaintiff conflates KDCF with KDCF employees sued in their official capacity. KDCF, as an arm of the State of Kansas, cannot be sued in federal court under 42 U.S.C. § 1983 for any relief, either monetary or injunctive. Barger v. State of Kan., 620 F. Supp. 1432, 1434 (D. Kan. 1985). Given that each of the Plaintiff's causes of action fall under section 1983, KDCF possesses Eleventh Amendment immunity from this suit and it should be dismissed as a matter of law. Moreover, while KDCF employees sued in their official capacity can be sued for injunctive relief, the Complaint must still comply with pleading requirements.

**II.    The Plaintiff Does Not Make an ADA Claim in Her Complaint.**

The Plaintiff asserts that she made a claim under the Americans with Disabilities Act in her Complaint [Doc. 16, Pg. 11, Para. 2]. However, there is nothing in the Complaint that even mentions the ADA, let alone alleges a violation of it. All four of the Plaintiff's causes of action are specifically brought pursuant to 42 U.S.C. § 1983. As such, any argument made by the Plaintiff concerning the ADA should be disregarded.

**III.    The Plaintiff's Response to the KDCF Defendants' Arguments Made Under Federal Rule of Civil Procedure 12(b)(6) are Without Merit and Should be Disregarded.**

"It is well-established, however, that in determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995). Simply put, the Plaintiff's Response Brief is filled with allegations and claims that were not in the Complaint. Such allegations and claims cannot be made for the first time in a brief responding to a Motion to Dismiss and as such, should be disregarded by this Court.

Despite the Plaintiff's arguments to the contrary, she has failed to allege facts sufficient to satisfy any of her four counts. Count I contains four allegations at paragraph 28(a) of Document 16. None of the allegations constitute a violation of the Fourteenth Amendment and the Plaintiff has offered no authority to suggest they do. Count II alleges that the KDCF Defendants violated Plaintiff's First Amendment rights when they responded to her Kansas Open Records Requests with "harassment, redactions, and denials; exclusion from court-related access; [and] obstructive and retaliatory communications" [Doc. 1, Count I]. All of these allegations are conclusory. What harassment? What retaliatory communications? Count III suffers from similar issues. The

allegations are conclusory and even when taken at face value do not qualify as a claim under *Monell*.

Finally, Count IV alleges that the KDCF Defendants placed the minor child in danger. However, at no point does the Plaintiff allege that the child was ever in KDCF custody, or that the KDCF Defendants ever placed the child anywhere, or that KDCF had any involvement in the child's custody case at all. These are the types of affirmative actions that must take place under <u>Currier v. Doran</u> to satisfy a claim for "state-created danger." 242 F.3d 905, 919-920 (10th Cir. 2001). The closest the Plaintiff gets to potentially asserting a "state-created danger" is the allegation that the KDCF Defendants "[concealed] child abuse reports" [Doc. 1, Para. 35]. However, the Plaintiff fails to allege what the reports alleged, when they were made, to whom they were made, how they were concealed, and from whom they were concealed. The Plaintiff's allegation is conclusory and otherwise improper. On the basis of the foregoing, each of the Plaintiff's Counts should be dismissed for failure to state a claim.

### IV. Plaintiff's References to Qualified Immunity Are Premature.

The Plaintiff argues that the KDCF individual Defendants are not entitled to qualified immunity. This argument is premature given that the KDCF Defendants have not offered an argument concerning qualified immunity. The reason for this is because the Plaintiff's allegations against Defendants Miranda and Dunz are so deficient, it is impossible to determine what is actually being alleged against them specifically. Neither Defendant is identified by name at any point in the portions of the Complaint containing allegations. Without knowing what is being alleged, the KDCF Defendants cannot in good faith assert qualified immunity. The KDCF Defendants do not waive the right to offer a defense on the basis of qualified immunity in the future, however.

Based upon the foregoing, this Court should dismiss the Plaintiff's Complaint.

WHEREFORE, the Defendants the Kansas Department for Children and Families, and Amanda Miranda and Heather Dunz, in their official and individual capacities as employees of KDCF, respectfully request that this Court grant the subject Motion to Dismiss and for any other relief it deems just.

Respectfully Submitted,

*/s/ Marc Altenbernt*
Marc Altenbernt, SC#28745 General Counsel
Kansas Department for Children and Families
555 S. Kansas Ave., 6th Floor
Topeka, KS 66603
Tel:	(785) 250-0380
Fax:	(785) 296-4960
Marc.Altenbernt@ks.gov
*Attorney for Defendants, DCF*

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court on the 25th day of June 2025, and to Plaintiff, via email:

AngliinaCourtRecords@gmail.com

*/s/ Marc Altenbernt*_____
Marc Altenbernt, #28745