IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELINA LYNN LAWSON, )
)
Plaintiff, and as next friend of D.L., a minor )
)
vs. ) Case No. 25-CV-2171
)
KANSAS DEPARTMENT FOR CHILDREN, )
AND FAMILIES, *et al.*, )
)
Defendants. )
)

## MOTION TO DISMISS FOR LACK OF SERVICE

COMES NOW, the Kansas Attorney General's Office, by and through its attorney, Bradley Eugene Avery, and moves the Court for an Order of Dismissal for Lack of Service in the above cited case. In support thereof, the Attorney General states the following: The Plaintiff, Angelina Lynn Lawson, has filed suit against the Kansas Attorney General's Office under K.S.A. 42 U.S.C. 1983 seeking monetary and injunctive relief in the amount of $150,000.00, alleging that her rights and her son's rights were violated under the 1st and 14th Amendments to the United States Constitution.

## STATEMENT OF FACTS

On March 12, 2025, Assistant Attorney General Amber Smith, after investigating a Kansas Open Records Act complaint filed by Angelina Lawson, alleging that "when the (Kansas) Department of Children and Families responded to your Kansas Open Record Act (KORA) request, "The information was inaccurate stating there was only one case closed and one pending." Also alleged is that the Department of Children and Families DCF refused to provide records on the closed case and that "There is a missing closed case." Ms. Smith noted

that the Attorney General's Office had jurisdiction to review the alleged violations of the KORA. She concluded her findings as follows:

> We have carefully reviewed your complaint and supporting document. Based on our review of the documents submitted in this matter we are unable to identify a violation of the KORA. The KORA generally declares that public records shall be open for inspection by any person unless otherwise provided by the Act. The KORA requires a public agency to provide copies of public records if requested under the Act, unless the record is exempt from disclosure. The KORA provides that a public agency may not be required to disclose certain records; there are some 55 categories of records that public agencies are not required to disclose. The KORA does not prohibit disclosure of records contained within these exceptions, but makes their release discretionary with the agency's official records custodian. The burden is on the public agency opposing disclosure to justify the decision not to release the public records.

On April 1, 2025, Ms. Lawson, the plaintiff in this matter, filed a Complaint for Damages Declaratory and Injunctive Relief against the Kansas Attorney General's Office alleging numerous counts of alleged negligence and other wrong doing and requesting that she be awarded $150,000 to compensate her for emotional distress, reputational harm, and violation of her federal rights.

In addition to the Attorney General's Office, plaintiff has filed a complaint for damages, declaratory and injunctive relief, alleging civil rights violations under 42 USC 1983 to "redress systemic violations of the 14th and 1st Amendments to the United States Constitution committed by the Kansas Department of Children and Families and the Kansas Attorney General's Office." Ms. Lawson also seeks injunctive relief requiring the Attorney General's Office to "adopt proper oversight mechanisms to ensure compliance with the Kansas Open Records Act in child welfare and civil rights contexts."

## **ARGUMENT AND AUTHORITIES**

1) The Kansas Attorney General's Office was not properly served, preventing this court's exercise of personal jurisdiction over the Attorney General's Office and thus this case should be

dismissed. As noted in the U.S. District Court Civil Court Docket for Case #: 2:24-cv-2172-JWB-TJJ entry #18, June 10, 2025 "Order denying application for clerk's entry of default (Doc. 12) and motion for default (Doc. 13). The record does not reflect that the summons for the Kansas Attorney General's Office was returned executed. Therefore, default is not appropriate.

> Order entered by District Judge John W. Broomes on 06/10/2025. Mailed to pro se party Angeliina Lynn Lawson by regular mail (This is a TEXT Entry Only. There is no pdf document associated with this entry." (jmr) (Entered: 06/10/2025).

Judge Broomes obviously made the finding that the Kansas Attorney General's Office had not been properly served and therefore the clerk's entry of default was not appropriate.

Before a court can assert jurisdiction over a particular defendant, that defendant must be properly served. E.g., *Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.") (citation omitted).

The burden of showing proper service lies with the plaintiff. See, e.g., *Fed. Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir. 1992) (citations omitted). *Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1130 (10th Cir.1991); *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), cert. denied, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985), and of establishing the validity of the service of process, *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n. 2 (1st Cir.1987) (per curiam);

The defendant, Kansas Attorney General's Office, was not served as reflected in the note of Judge Broomes indicating the summons was not returned executed. The plaintiff complains that she cannot be held responsible, but the burden of proof for showing proper service rests with

the plaintiff. Because of the lack of proper service, the Court lacks subject-matter and personal jurisdiction over the defendant and thus should dismiss the Petition of the plaintiff.

Respectfully submitted,

KRIS W. KOBACH
Attorney General

*/s/ Bradley E. Avery*
Bradley E. Avery, KS #13071
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
Email: brad.avery@ag.ks.gov
*Attorney for Defendant*
*Kansas Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Angeliina Lynn Lawson
1914 5th Avenue
Leavenworth, Kansas 66048

*s/ Bradley E. Avery*
Bradley E. Avery, KS #13071
Assistant Attorney General