UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff and Next Friend of D.L., a Minor,

v.

KANSAS DEPARTMENT FOR CHILDREN
AND FAMILIES, et al.,

Defendants.

Case No. 2:25-cv-02171-JWB-TJJ

JURY TRIAL DEMAND

## NOTICE REGARDING DEFENDANTS' NONCOMPLIANCE WITH LAWFUL SUBPOENAS

COMES NOW the Plaintiff, Angeliina Lynn Lawson, appearing pro se and as next friend of D.L., a minor. Plaintiff respectfully asks this Court to take notice of a troubling pattern of conduct by the Kansas Department for Children and Families. Rather than engage the judicial process in good faith, Defendant have chosen to ignore lawful subpoenas, evade discovery obligations, refuse to resolve disputes informally, and now seek to stall this case despite the Court's clear intent to proceed under Rule 16. This pattern shows not merely disagreement with Plaintiff's claims, but disregard for this Court's authority to manage its own docket. Plaintiff requests that the Court protect its processes and signal that judicial orders must be taken seriously as we prepare for the discovery stage.

BACKGROUND:

1. On April 4, 2025, Plaintiff issued lawful subpoenas for LV2025-CV-70 jury trial (now in appeal court) documents and records to the Kansas Department for Children and Families ("KDCF") pursuant to Fed. R. Civ. P. 45. These subpoenas requested time-sensitive disclosures related to known abuse disclosures, DCF investigations, and communications that form the core of Plaintiff's claims. (see Exhibit A)
2. As of the date of this filing, KDCF has failed to respond, object, or otherwise acknowledge these subpoenas. No extension was requested, no motion to quash was filed, and no communication was provided to Plaintiff.
3. This non-response constitutes a disregard of a lawful court process and undermines the due process rights of both Plaintiff and the minor child at the center of this action. Federal Rule of Civil Procedure 45(e) makes clear that failure to comply with a subpoena, without adequate excuse, may be deemed contempt of court.

4. The refusal to even acknowledge the subpoenas demonstrates a troubling posture of noncompliance and resistance to judicial oversight, which exacerbates the constitutional harms already alleged in this matter.
5. Plaintiff respectfully brings this issue to the Court's attention for appropriate consideration in managing discovery and enforcing compliance with federal procedural obligations.

WHEREFORE, Plaintiff submits this Notice to preserve the record of past subpoena noncompliance and to request that the Court take notice of Defendants' disregard for lawful discovery obligations under Rule 45 as the court prepares for the discovery stage.

Respectfully submitted,                           **Dated:** July 3, 2025

Angeliina Lynn Lawson
1914 5th Avenue
Leavenworth, KS 66048
AngeliinaLawson@gmail.com
(913) 972-1661
Pro Se Plaintiff and Next Friend of D.L., a minor

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice to the following counsel of record and count as service to the following:

Bradley E. Avery

Assistant Attorney General

Memorial Building, 2nd Floor

120 SW 10th Avenue, Topeka, KS 66612

Email: brad.avery@ag.ks.gov

Marc Altenbernt

General Counsel, Kansas Department for Children and Families

555 S. Kansas Avenue, 6th Floor, Topeka, KS 66603

Email: marc.altenbernt@ks.gov

_[signature]_

Angeliina Lynn Lawson, Pro Se

Plaintiff and Next Friend of D.L., a Minor

1914 5th Ave, Leavenworth, KS 66048

angeliinacourtrecords@gmail.com

(913) 972-1661

## IN THE FIRST JUDICIAL DISTRICT

### DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

Case No.: LV2025CV70

Plaintiff: ANGELIINA LYNN LAWSON

Defendant: JONATHAN LAWSON

## SUBPOENA FOR PRODUCTION OF DOCUMENTS ONLY (K.S.A. 60-245)

TO: Heather Dunz, Amanda Miranda, AND Kansas Department for Children and Families

YOU ARE COMMANDED to produce the following documents, electronically stored information, or tangible things at the place, date, and time below:

All records, reports, notes, billing statements, audio/video recordings, communications, emails, meeting logs, and electronically stored information related to the parties in the above-captioned case, including custody, therapy, ADA accommodations, service provision, or investigations. Produce to the Clerk of the Court at the address listed below within twenty-one (21) days of service.

Delivery Address:
Leavenworth County District Court
601 S 3rd St, Suite 3051
Leavenworth, KS 66048

Date Due: Within 21 days of receipt of this subpoena

The following provisions of K.S.A. 60-245 are attached: K.S.A. 60-245(c), relating to your protection as a person subject to a subpoena and the place of compliance; and K.S.A. 60-245(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Notice was given to parties before this subpoena was served. K.S.A 60-245(b)

Date Issued: April 04, 2025

Signature of Clerk or Deputy Clerk: _____

Seal:

[District Court Seal - Leavenworth County, Kansas]

Requesting Party:

*Angeliina Lynn Lawson*

1914 5th Ave
Leavenworth, KS 66048

Email: AngeliinaCourtRecords@gmail.com
Phone: (913) 972-1661

K.S.A. 60-245(c), (d), and (e)

**(c) Protecting a person subject to a subpoena.**

(1) *Avoiding undue burden or expense; sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction, which may include lost earnings and reasonable attorney's fees, on a party or attorney who fails to comply.

(2) *Command to produce materials or permit inspection.*
(A) *Appearance not required.* A person commanded to produce designated documents, electronically stored information or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing or trial.

(B) *Objections.* A person commanded to produce designated materials or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the designated materials or to inspecting the premises, or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection; and

(ii) these acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or modifying a subpoena.*
(A) *When required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) Fails to allow a reasonable time to comply;
(ii) requires a resident of this state who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person or requires a nonresident who is neither a party nor a party's officer to travel more than 100 miles from where the nonresident was served with the subpoena, is employed or regularly transacts business in person, except that, subject to paragraph (3)(B)(iii), the person may be commanded to travel to the place of trial;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) Disclosing a trade secret or other confidential research, development or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying conditions as an alternative.* In the circumstances described in subsection (c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions as the serving party:

(i) Shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in responding to a subpoena.**

(1) *Producing documents or electronically stored information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for producing electronically stored information not specified.* If a subpoena does not specify a form for producing electronically stored information, a person responding to a subpoena must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically stored information produced in only one form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible electronically stored information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of subsection (b)(2)(A) of K.S.A. 60-226, and amendments thereto. The court may specify conditions for the discovery.

(2) *Claiming privilege or protection.*
(A) *Information withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) Expressly make the claim; and
(ii) describe the nature of the withheld documents, communications or things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. Punishment for contempt should be in accordance with K.S.A. 20-1204, and amendments thereto. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of subsection (c)(3)(A)(ii).

(4) *Person in prison.* A person confined in prison may be required to appear for examination by deposition only in the county where the person is imprisoned.

# IN THE FIRST JUDICIAL DISTRICT
## DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

CIVIL COURT DEPARTMENT

Case No.: LV2025CV70

Plaintiff: ANGELIINA LYNN LAWSON

Defendant: JONATHAN LAWSON

### *CERTIFICATE OF SERVICE*

I hereby certify that on the date listed below, a true and correct copy of the foregoing document titled "SUBPOENA FOR PRODUCTION OF DOCUMENTS ONLY" was served upon the following parties by:

[ X ] Certified Mail with Return Receipt

Served to:

Name: Kansas Department for Children and Families, Amanda Miranda and Heather Dunz

Address: 555 S. Kansas Avenue, Topeka, KS 66603

Dated: 4/4/25

Signature
Angeliina Lynn Lawson