## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANGELINA LYNN LAWSON,    )
               )
**Plaintiff, and as next friend of D.L., a minor**  )
               )
**vs.**            )  **Case No. 25-CV-2171**
               )
**KANSAS DEPARTMENT FOR CHILDREN,** )
**AND FAMILIES,** *et al.,*      )
               )
    **Defendants.**     )
_____)

## <u>MOTION TO DISMISS FOR LACK OF STANDING</u>

COMES NOW Defendant, the Kansas Attorney General's Office (KAGO), and moves the Court for an Order of Dismissal for Lack of Standing in the above-cited case. In support thereof, the Defendant KAGO states the following:

1) On April 2, 2025 the Plaintiff, Angelina Lynn Lawson, filed suit against the Kansas Attorney General's Office alleging "a refusal to investigate or disclose abuse, even after Plaintiff filed formal KORA complaints, evidences, deliberate indifference under Bryan County and constitutes a systematic failure of oversight actionable under Monell and Pembaur." See Statement 37.

2) Plaintiff also alleged harm to her child that was foreseeable and caused by Defendants' "deliberate" indifference.

The United State Supreme Court has stated," Article III of the Constitution confines the federal judicial power to "Cases and Controversies." Under Article III, a case of controversy can exist only if a plaintiff has standing to sue – a bedrock constitutional requirement that this Court

has applied to all manner of important disputes. *California v. Texas* 141 S. Ct. 2104, 2113 (2020).

"Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, see *id.,* at 756, 104 S.Ct., at 3327; *Warth v. Seldin,* 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton,* 405 U.S. 727, 740–741, n. 16, 92 S.Ct. 1361, 1368–1369, n. 16, 31 L.Ed.2d 636 (1972);1 and (b) "actual or imminent, not 'conjectural or hypothetical, '" *Whitmore, supra,* 495 U.S., at 155, 110 S.Ct., at 1723 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). Second, there must be a causal connection between the injury and the conduct complained of the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.,* at 38, 43, 96 S.Ct., at 1924, 1926.

A Party invoking federal jurisdiction bears the burden of establishing elements of standing. To establish standing, a plaintiff must show an injury in fact caused by the defendant and redressable by a court order. *Lujan v. Defenders of Wildlife* 504 U.S. 560-561(1992). A citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. *Linda R.S. v. Richard D* 410 U.S. 614 (1973).

Plaintiff must support each element of standing, namely, concrete and particularized injury that is actual or imminent, traceability, and redressability, with the manner and degree of evidence required at the successive stages of the litigation. *Murthy vs. Missouri* 603 U.S. 43 (2024).

In a statement amending her original position, the plaintiff stated the following:

> Plaintiff affirms that all claims asserted against the Kansas Attorney General's Office are limited to prospective declaratory and injunctive relief only. Plaintiff does not seek monetary damages from this state agency. Plaintiff respectfully invokes the doctrine of Exparte Young, 209 U.S. 123 (1908), which authorizes federal courts to grant injunctive relief against state agencies and officials when constitutional violations are ongoing or systemic. This includes the relief requested in Plaintiffs complaint-such as transparency of records, compliance oversight, and policy enforcement related to child protection and constitutional rights.

> To be clear, Plaintiff does not seek any form of retrospective relief or compensation payable from the state treasury. This Court retains jurisdiction over these forward-looking claims, which remain actionable under 42 U.S.C. §1983 and binding Supreme Court precedent.

However, the statement still fails to allege or demonstrate a "an injury in fact caused by the defendant and redressable by a court order." Nor has the plaintiff demanded relief through injunctive means. Because the plaintiff has failed to prove standing, the Defendant, Kansas Attorney General's Office requests it be dismissed as a party to plaintiff's Lawson's law suit in the District of Kansas District Court.

Respectfully submitted,

KRIS W. KOBACH
Attorney General

*/s/ Bradley E. Avery*
Bradley E. Avery, KS #13071
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
Email:  brad.avery@ag.ks.gov
*Attorney for Defendant*
*Kansas Attorney General*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of July 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Angeliina Lynn Lawson
1914 5th Avenue
Leavenworth, Kansas 66048

*s/ Bradley E. Avery*
Bradley E. Avery, KS #13071
Assistant Attorney General