IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,  Case No. 2:25-cv-02171-JWB-TJJ

Plaintiff and as Next Friend of D.L., a minor,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,

Defendants.

Jury Trial Demanded

RENEWED MOTION FOR DEFAULT JUDGMENT BASED ON WAIVER OF SERVICE BY AG's UNTIMELY APPEARANCE

Plaintiff Angeliina Lynn Lawson respectfully renews her request for default judgment against the Kansas Attorney General's Office based on its failure to timely respond and waiver of service objections under Fed. R. Civ. P. 55 and 12(h)(1).:

FACTUAL AND PROCEDURAL BACKGROUND

1. The Kansas Attorney General's Office was properly served on April 29, 2025 with sworn declaration from Plaintiff in the prior filings (Docs. 12 and 13).

2. The AG's deadline to answer under Fed. R. Civ. P. 12(a)(1)(A)(i) was May 20, 2025. No answer was filed by that date.

3. On June 3, 2025, Plaintiff filed a Request for Clerk's Entry of Default (Doc. 12) and Motion for Default Judgment (Doc. 13).

4. On June 6, 2025, **17 days** past the deadline, the AG's Office entered an untimely appearance through Assistant Attorney General Bradley E. Avery (Doc. 14).

5. On June 9, 2025, the AG filed a Motion to Dismiss (Doc. 17), without first seeking leave to respond out of time or explaining the delay.

6. Only after filing the merits-based motion did the AG argue (Doc. 17, pg. 6) that it had never been properly served, a defense it had already *waived* by filing an appearance and litigating the merits.

7. On June 10, 2025, the Court denied Plaintiff's earlier default motion based solely on the absence of a returned green card (Doc. 18), not on timeliness or waiver.

## LEGAL BASIS

Rule 55(a): The Clerk must enter default when a party has failed to plead or otherwise defend.

Rule 12(h)(1): A defense of insufficient service is waived when not raised in the first motion or response.

Case Law:

- Pell v. Azar Nut Co., 711 F.2d 949 (10th Cir. 1983): A party waives a service objection by filing an appearance and engaging in merits litigation.
- Oritz-Gonzalez v. Fonovia, 277 F.3d 59 (1st Cir. 2002): Default judgment may be granted when a party fails to timely answer and fails to seek leave to respond late.

The AG's Office did not plead or defend by the May 20 deadline, and its subsequent actions constitute a waiver of any Rule 12(b)(5) defense.

## TIMELINE

| Date | Event |
|---|---|
| April 29, 2025 | AG served via U.S. Marshal |
| May 20, 2025 | Rule 12(a)(1)(A)(i) deadline to respond |
| June 3, 2025 | Plaintiff files for Entry of Default (Doc. 12) & Default Judgment (Doc. 13) |
| June 6, 2025 | AG files untimely Entry of Appearance (Doc. 14), **17 days late** |
| June 9, 2025 | AG files Motion to Dismiss (Doc. 17), without leave |
| June 10, 2025 | Court denies default motion (Doc. 18) based only on unreturned green card |

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

I. Procedural Relief under Rule 55:

1. Enter Clerk's Default (Rule 55(a))
2. Enter Default Judgment as to Liability (Rule 55(b))
3. Schedule Hearing on Remedies (Rule 55(b)(2))

II. Declaratory Relief (Federal Civil Rights / ADA / KORA)

- That the AG's Office violated Plaintiff and Plaintiff son's rights under the First and Fourteenth Amendments, and/or the ADA Title II.

III. Prospective Injunctive Relief (under *Ex parte Young*, 209 U.S. 123)

- Order the AG's Office to implement oversight of DCF KORA compliance;
- Mandate policy reforms for handling KORA complaints;
- Require the AG to produce unredacted case documents previously concealed.

IV. Accountability for AG Misconduct

1. Strike the AG's Motion to Dismiss (Doc. 17) as untimely and waived.
2. Enter default judgment based on misconduct arising from untimely appearance and contradictory service claims, amounting to a pattern that undermines judicial process.
3. Order AG's Office to disclose who first received notice of the lawsuit and when.
4. Instruct the U.S. Marshal to confirm service and file USM-285 as formal proof.
5. Refer the matter for Rule 11 inquiry or sanctions if the AG intentionally misled the court on service status.

This renewed motion highlights a clear procedural failure and waiver under Rule 12(h)(1). Plaintiff respectfully requests that default judgment be entered as a matter of law and that the Court set a hearing to address appropriate relief.

Respectfully submitted,                                             Dated: July 23, 2025

/s/ Angeliina Lawson
Angeliina Lynn Lawson, Pro Se
Plaintiff and Next Friend of D.L., a Minor
1914 5th Ave, Leavenworth, KS 66048
angeliinacourtrecords@gmail.com
(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2025, I filed the following document with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification to all parties registered to receive notice through the system:

Bradley E. Avery
Assistant Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue, Topeka, KS 66612
Email: brad.avery@ag.ks.gov

Marc Altenbernt
General Counsel, Kansas DCF
555 S. Kansas Avenue, 6th Floor, Topeka, KS 66603
Email: marc.altenbernt@ks.gov


Respectfully submitted,

/s/ Angeliina Lawson
Angeliina Lynn Lawson, Pro Se
Plaintiff and Next Friend of D.L., a Minor
1914 5th Ave, Leavenworth, KS 66048

angeliinacourtrecords@gmail.com
(913) 972-1661