UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

    Plaintiff,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, KANSAS ATTORNEY GENERAL'S OFFICE, AMANDA MIRANDA, and HEATHER DUNZ, in their individual and official capacities,

    Defendants.

Case No. 25-cv-2171-JWB-TJJ

## ORDER STAYING DISCOVERY AND PRETRIAL PROCEEDINGS

On July 31, 2025, U.S. Magistrate Judge Teresa J. James conducted a telephone Scheduling/Status Conference in this case in accordance with Fed. R. Civ. P. 16. Plaintiff Angeliina Lawson appeared *pro se*. Defendant Kansas Attorney General's Office ("Kansas Attorney General") appeared through counsel, Bradley E. Avery. Defendants Kansas Department for Children and Families, Miranda, and Dunz ("the KDCF Defendants") appeared through counsel, Marc Altenbernt. This order memorializes and supplements the Court's oral rulings from the Scheduling/Status Conference.

The Court inquired regarding the parties' positions on temporarily staying discovery and pretrial proceedings in this case until the District Judge rules on the four pending motions to dismiss, some of which assert immunity defenses. Plaintiff opposed any stay of discovery. The KDCF Defendants agreed that a stay is appropriate in light of the immunity issues raised in the motions to dismiss. The Kansas Attorney General responded that it has not been properly served and therefore the Court lacks jurisdiction over it, but otherwise agreed a stay is appropriate.

After hearing the parties' positions, the Court concludes that a temporary stay of discovery and pretrial proceedings—just until the District Judge rules on the four pending motions to dismiss—is appropriate in this case. First, the Kansas Attorney General has filed a motion to dismiss arguing it did not receive proper or timely service of the complaint. This service issue needs to be resolved before discovery commences.

Second, the KDCF Defendants have asserted immunity defenses in their motion (ECF No. 11), including qualified immunity and Eleventh Amendment immunity. The Kansas Attorney General has likewise asserted qualified immunity and Eleventh Immunity defenses in its motion to dismiss (ECF No. 17) as grounds for dismissal of Plaintiff's claims. Assertion of an immunity defense in a dispositive motion is a basis for staying discovery.[1] Immunity from suit is a "broad protection" that grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'"[2] A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery.[3] Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit.[4] Because Defendants have raised Eleventh Amendment and qualified immunity defenses in their

---

[1] *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").

[2] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (discussing qualified immunity).

[3] *Grissom v. Palm*, No. 19-3178-EFM-ADM, 2021 WL 147255, at *2 (D. Kan. Jan. 15, 2021).

[4] *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); S*eigert*, 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

respective motions to dismiss, the Court finds that a stay of discovery—until those pending motions to dismiss are ruled upon—is necessary to allow Defendants an opportunity to have these threshold issues resolved before requiring them to participate in discovery.

Third, Plaintiff opposes a stay of discovery and pretrial proceedings but has not articulated any reason why a stay is not appropriate given the Eleventh Amendment and qualified immunity defenses raised by Defendants. Plaintiff's primary reason for opposing a stay is her concern about evidence spoliation if she is not allowed to proceed with discovery, however, she offers merely speculation for her concern. She also has not shown any need for discovery on the threshold immunity arguments in Defendants' motion, which are purely legal questions that can be resolved without discovery. To the extent Plaintiff complains that the Court should not have considered issuing a stay at this juncture because the conference was noticed as a scheduling conference, her complaint is not persuasive. Whether to issue a stay is a scheduling issue and it is not uncommon for the Court to consider the issue during a scheduling conference.

Fourth, permitting discovery to proceed at this time as to all defendants and all issues in the case would very likely be wasteful and burdensome. This is especially true if one or more of the Defendants is likely to ultimately be dismissed from the case based on the currently pending motions.

Finally, the Court finds any potential inconvenience of a temporary stay until the District Judge rules on the motions to dismiss will not unduly prejudice Plaintiff. The Court therefore stays discovery and further stays all related Rule 26 deadlines, proceedings, and requirements, and defers setting another Rule 16 scheduling conference, until after a ruling on the pending motions to dismiss.

**IT IS THEREFORE ORDERED** that all discovery and other further pretrial proceedings in this case—including all deadlines and requirements under Fed. R. Civ. P. 26—are temporarily stayed with respect to all parties until the District Judge rules on the pending Motions to Dismiss (ECF Nos. 11, 17, 22, and 29).

**IT IS FURTHER ORDERED** that if any of Plaintiff's claims remain after the District Judge's ruling(s) on the pending motions to dismiss, defense counsel shall email the chambers of the undersigned Magistrate Judge, **within seven (7) days of the ruling**, with suggested dates for setting a telephone scheduling conference.

IT IS SO ORDERED.

Dated August 6, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge