UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff and Next Friend of D.L., a Minor,
v.
KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,
Defendants.

Case No. 2:25-cv-02171-JWB-TJJ
JURY TRIAL DEMANDED

NOTICE OF JURY TRIAL PROTECTION AND DEMAND FOR SCHEDULING CONSISTENT WITH SEVENTH AMENDMENT RIGHTS AND RULE 1

Plaintiff Angeliina Lynn Lawson, pro se and as next friend of her minor child D.L., respectfully submits this Notice to preserve her jury trial rights and request reinstatement of pretrial scheduling pursuant to Fed. R. Civ. P. 1 and 38.

I. REASSERTION OF JURY TRIAL RIGHTS

Plaintiff has demanded a jury trial on all claims so triable in the original complaint, including:

- Claims brought under the Americans with Disabilities Act (ADA), Title II,
- 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments,
- Claims for injunctive and declaratory relief under Ex parte Young, and
- Claims implicating civil conspiracy, custodial interference, and patterned retaliation.

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the U.S. Constitution, Plaintiff preserves her right to a trial by jury and objects to any attempt to adjudicate factual issues solely by motion or without the benefit of jury determination.

II. OBJECTION TO DELAY AND STAY PREJUDICE

On August 6, 2025, Magistrate Judge Teresa J. James issued an Order Staying Discovery and Pretrial Proceedings (Doc. 40), based on the pendency of Defendants' motions to dismiss and assertions of Eleventh Amendment and qualified immunity.

While Plaintiff acknowledges the Court's discretion to manage its docket, she respectfully notes that:

- Her claims against the Kansas Attorney General's Office are in default (see Docs. 12, 13, 34, and latest Request for Clerk's Entry of Default filed August 6, 2025);

- Immunity arguments do not bar prospective injunctive relief, nor do they negate her right to a jury trial on non-immune claims;
- The stay has materially delayed discovery, created risk of spoliation, and obstructed preservation of critical ADA and abuse-related evidence, as described in Plaintiff's Notices (Docs. 27, 31, 33);
- The delay chills ADA enforcement and undermines judicial economy by withholding scheduling.

III. RENEWED DEMAND FOR PROMPT SCHEDULING AND TRIAL SETTING

The procedural posture of this case, including the Attorney General's default, the Defendants' documented subpoena noncompliance, and pending motions that do not extinguish Plaintiff's surviving constitutional and ADA claims, requires immediate reinstatement of the Rule 16 scheduling process.

Plaintiff demands:

1. That the Court reinstate scheduling proceedings without further delay, consistent with the requirements of Fed. R. Civ. P. 16 and Rule 1's mandate for the "just, speedy, and inexpensive determination" of every action;
2. That jury trial dates be set for the following issues that indisputably present material factual questions:
    - Retaliation under ADA Title II;
    - Violations of due process and First Amendment rights;
    - Document suppression and discovery obstruction under Rule 37;
    - Custodial interference and pattern liability consistent with *Monell*;
3. That Plaintiff's jury trial demand under Rule 38 be formally recognized and protected in all subsequent rulings and case management orders.

This Court cannot lawfully bypass trial through indefinite stay or motion practice where factual disputes exist. Plaintiff's rights, under the ADA, § 1983, and the Constitution, require adjudication by jury. The delay caused by improperly shielded defendants and waived immunity defenses must not obstruct that access, particularly in a case involving child safety, due process violations, and ongoing ADA retaliation.

IV. OBJECTION TO PROCEDURAL MISCONDUCT DURING SCHEDULING CONFERENCE

Plaintiff respectfully objects to the conduct of the July 31, 2025 scheduling conference, which failed to comply with the procedural safeguards of the Federal Rules and the Due Process Clause of the Fifth and Fourteenth Amendments.

1. Lack of Notice or Motion Regarding Stay:
   The Court unilaterally stayed all proceedings (Doc. 40) without providing Plaintiff any notice that such action was under consideration. Plaintiff prepared for the July 31 hearing under Fed. R. Civ. P. 16 and 26(f) as a standard pretrial scheduling conference. No party

filed a motion to stay. Plaintiff received no notice under Rule 6(c)(1) or D. Kan. Local Rule 7.1 notifying her that the Court would convert the hearing into a decision on staying the case. This deprived Plaintiff of a meaningful opportunity to oppose the stay.
2. Predetermined Intent to Stay Before Reviewing Filings:
   At the outset of the July 31 hearing, the magistrate judge declared she would stay all proceedings before considering Plaintiff's then-pending filings — including the Renewed Motion for Default Judgment (Doc. 34), Rule 72(a) Objection to the original denial of default (Doc. 41), and Plaintiff's evidentiary declarations of fraud, child safety, ADA retaliation, civil RICO and document suppression. This demonstrates a failure to engage with the record in good faith and constitutes prejudgment.
3. Factual Misstatements by the Court:
   During the conference, the magistrate judge misstated on the record that Plaintiff had filed an amended complaint. This was factually inaccurate. Plaintiff has not filed an amended complaint, and retains the right to do so under Rule 15(a)(1) and Rule 16(b). The Court's mischaracterization of the docket further reveals a lack of case familiarity and unfair procedural framing that risks tainting future rulings.
4. Continuing Prejudice to ADA-Protected Litigant:
   Plaintiff is a pro se litigant with a communication disability pursuing claims under ADA Title II, 42 U.S.C. § 1983, and related federal rights. The stay, imposed without notice or review of Plaintiff's filings, operates as an unjust procedural barrier that obstructs access to timely adjudication and exacerbates the power imbalance between Plaintiff and state defendants. The procedural irregularities identified above materially undermine Plaintiff's Seventh Amendment rights and the integrity of the pretrial process.

## V. RELIEF REQUESTED

Plaintiff respectfully requests:

1. That this Notice be entered into the record to preserve Plaintiff's Seventh Amendment and Rule 38(b) jury trial rights;
2. That the Court acknowledge that further delay disproportionately impacts a pro se litigant with a communication disability asserting rights under the ADA and civil rights statutes;
3. That a jury trial schedule be reinstated promptly upon denial of dismissal, or if the Clerk enters default as to the Kansas Attorney General's Office;
4. That this filing be deemed notice of constitutional, procedural, and disability access concerns for preservation and appellate purposes.

Respectfully submitted,                                              Dated: August 6, 2025

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se
1914 5th Avenue., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2025, I filed the foregoing Notice of Jury Trial Protection and Demand for Scheduling with the Clerk of the Court using the CM/ECF system, which will send notice to:

- Bradley E. Avery, Assistant Attorney General
  Email: brad.avery@ag.ks.gov
- Marc Altenbernt, General Counsel, Kansas DCF
  Email: marc.altenbernt@ks.gov

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se
1914 5th Avenue., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661