UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff and Next Friend of D.L., a Minor,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,

Defendants.

Case No. 2:25-cv-02171-JWB-TJJ

JURY TRIAL DEMANDED

MOTION TO CERTIFY INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

AND MOTION TO EXPEDITE RULING DUE TO PREJUDICE FROM STAY AND
JUDICIAL INACTION

Plaintiff Angeliina Lynn Lawson, pro se and as next friend of minor D.L., respectfully moves

this Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b) of the August 6, 2025

Order Staying Discovery and Pretrial Proceedings (Doc. 40) and related judicial inaction that has

prevented any resolution of Plaintiff's Rule 72(a) Objection (Doc. 41), Renewed Motion for

Default Judgment (Doc. 34), and Jury Trial Demand (Doc. 43).

I. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal if:

1.  The order involves a controlling question of law;

2. There is substantial ground for difference of opinion; and

3. An immediate appeal may materially advance the ultimate termination of the litigation.

Certification is appropriate where the court's interlocutory posture traps the case in procedural limbo, particularly when constitutional rights and access to court are chilled.

## II. PROCEDURAL BACKGROUND

1. On August 6, 2025, Magistrate Judge Teresa J. James entered an Order (Doc. 40) staying all discovery and pretrial proceedings pending resolution of four defense motions to dismiss (Docs. 11, 17, 22, 29).

2. Plaintiff timely filed a Rule 72(a) Objection to the stay order (Doc. 41), a Renewed Motion for Default Judgment against the Kansas Attorney General's Office (Doc. 34), an Application for Clerk's Entry of Default (Doc. 42), and a Notice of Jury Trial Protection and Scheduling Demand (Doc. 43).

3. As of this filing  September 26, 2025  the Court has taken no action or issued any rulings on those filings. There is no scheduling order, no ruling on default, and no resolution of the Rule 72(a) objection.

4. Plaintiff filed a Notice of Judicial Inaction and Procedural Delay (Doc. 44) documenting the constitutional and statutory harms caused by the indefinite stall of proceedings, especially in light of Plaintiff's ADA disability status and pro se posture.

## III. CONTROLLING QUESTION OF LAW

The August 6 stay order, 51 days ago, and the Court's ongoing refusal to rule on time-sensitive filings, raises the following controlling legal questions:

1. Whether a court may indefinitely stay discovery and trial preparation after entry of service and proof of default, and refuse to rule on a renewed motion for default judgment under Rule 55;

2. Whether a magistrate judge may enter a blanket stay without notice, then make no findings on Rule 38(b) jury trial rights, Rule 72(a) objections, or ADA access violations and whether the District Judge's failure to act on those objections violates due process and ADA Title II;

3. Whether a federal litigant with disabilities may be procedurally frozen out of court access for over 178 days despite showing structural prejudice, retaliation, and jurisdictional misconduct by state actors and 65+ days since my default judgment request.

## IV. SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION

Courts are divided on the extent to which immunity-based or jurisdictional motions may justify blanket pretrial stays particularly where:

- A party has defaulted and waived service objections;

- The plaintiff has alleged civil rights and ADA retaliation claims;

- Discovery delays prejudice the preservation of evidence under Rule 37.

Further, the failure to act on a Rule 72(a) objection challenging a stay creates jurisdictional uncertainty no appeal may lie from a magistrate order unless and until the district judge rules. This creates an unlawful deadlock.

## V. MATERIAL ADVANCEMENT OF THE LITIGATION

Certification will:

- Permit the Tenth Circuit to resolve the threshold jurisdictional paralysis now stalling the case;

- Clarify whether Plaintiff's default judgment motion must be resolved immediately;

- Ensure Plaintiff's ADA Title II and Rule 38(b) trial rights are not extinguished by delay or silence.

A ruling from the appellate court could direct:

- Whether the stay was improper,

- Whether the Clerk must enter default,

- Whether judicial silence violates Plaintiff's constitutional access rights.

## VI. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Certify for interlocutory appeal under 28 U.S.C. § 1292(b) the August 6, 2025 Stay Order (Doc. 40), as well as the judicial inaction on Docs. 34, 41, 42, and 43;

2. Issue findings identifying the controlling questions of law suitable for review under § 1292(b);

3. Expedite ruling on this Motion in light of Plaintiff's disability access claims, pro se status, and ongoing prejudice from discovery obstruction and Rule 55 delay.

Respectfully submitted,                                    Dated: September 26, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2025, I filed the foregoing Motion to Certify Interlocutory Appeal under 28 U.S.C. § 1292(b) with the Clerk of the Court using the CM/ECF system, which will send notice to:

- Bradley E. Avery, Assistant Attorney General

  Email: brad.avery@ag.ks.gov

- Marc Altenbernt, General Counsel, Kansas DCF

  Email: marc.altenbernt@ks.gov

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se