IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff, and as next friend of D.L., a minor,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,

Defendants.

Case No. 2:25-cv-02171-JWB-TJJ

JURY TRIAL DEMANDED

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KANSAS ATTORNEY GENERAL

I. INTRODUCTION

Plaintiff submits this supplemental brief to provide further evidence of the Kansas Attorney General's sustained neglect of statutory duties under the Kansas Open Records Act ("KORA"), K.S.A. 45-215 et seq., which parallels his failure to defend this federal action.

In addition to failing to answer or otherwise defend this lawsuit within the time required by Fed. R. Civ. P. 12(a), the Attorney General's Office has neglected at least nine KORA complaints filed by Plaintiff between April and July 2025. While the AG acknowledged receipt of each

complaint and assigned file numbers, it has either failed to act or engaged in perfunctory correspondence with no resolution. This entrenched refusal to discharge statutory obligations underscores the propriety of default judgment under Fed. R. Civ. P. 55.

## II. FACTUAL BACKGROUND

1. Federal Default.
    - The AG was served on April 29, 2025; its response was due May 20, 2025.
    - No timely answer was filed. Plaintiff moved for default on June 3, 2025.
    - An appearance was belatedly entered on June 6, 2025 after service and only after default was sought.
2. KORA Complaints Ignored.

    Plaintiff filed at least nine KORA complaints between April and July 2025, all acknowledged by the AG's Office:
    - Tina Miller, Fourth District Court Clerk – April 21, 2025 (PP-25-000075) AG acknowledging receipt of Plaintiff's request and failing to enforce timelines.
    - Julie Wettstein, Anderson County Clerk – June 4, 2025 (PP-25-000115) AG requested Plaintiff's emails showing payment demand, which were provided; AG never responded further, leaving matter unresolved.
    - Office of Judicial Administration – June 26, 2025 (PP-25-000139, PP-25-000140), PP-25-000143 and PP-25-000142) AG acknowledging receipt of Plaintiff's request and failing to enforce timelines.
    - Johnson County Clerk – June 26, 2025 (PP-25-000138) AG acknowledging receipt of Plaintiff's request and failing to enforce timelines.

- Steven Crossland, ADA Coordinator, First Judicial District Court – July 10, 2025 (PP-25-000156) AG acknowledging receipt of Plaintiff's request and failing to enforce timelines.
- First Judicial District – July 17, 2025 (PP-25-000162) AG acknowledging receipt of Plaintiff's request and failing to enforce timelines.

As of October 2, 2025, none of these matters have been reported resolved.

These failures violate not only Plaintiff's individual rights but also the public transparency mandates outlined in the Kansas Open Records Act brochure issued by the Kansas Bureau of Investigation and Attorney General's Office. Plaintiff's KORA filings followed these procedures precisely. The AG's refusal to act, despite these published responsibilities, confirms a knowing and deliberate obstruction of her rights and those of the public.

3. Pattern of Non-Enforcement.

    This inaction demonstrates that the AG:

    - Acknowledges statutory duty (by docketing and assigning file numbers).
    - Fails to discharge that duty (no determinations, no enforcement, no updates).
    - Subjects Plaintiff to constructive denial of remedies at both the state and federal levels.
    - Allows government agencies to hide behind redacted emails, missing files, and breed corruption, engage in enterprise behavior, continue to suppress records when the public is exposing misconduct.

This pattern of neglect is not confined to Plaintiff's federal case. In a separate matter a writ of prohibition filed in Kansas Supreme Court challenging judicial misconduct without subject matter jurisdiction by Judge Godderz the Kansas Attorney General's Office failed to enter any appearance or response for over 90 days. Only after repeated filings and escalating harms did the AG finally respond. This reinforces that the AG's refusal to participate in Plaintiff's federal case is part of a broader, institutional practice of stonewalling accountability proceedings where state judicial officials are implicated.

4. The AG's Inaction Facilitates a Pattern of Racketeering, Obstruction, and Retaliatory Defamation

The Kansas Attorney General's systemic refusal to enforce the Kansas Open Records Act (KORA) is not merely bureaucratic delay it is a central mechanism by which an unlawful enterprise of state actors conceals misconduct, destroys evidence, and discredits protected litigants such as Plaintiff.

By neglecting at least nine documented KORA complaints (including ones supported by timely submitted evidence), the AG's Office enabled judges, court officials, and DCF employees to:

- Destroy subpoenaed or discoverable records in violation of Fed. R. Civ. P. 37;
- Obstruct justice by ensuring complaints never reach review or enforcement;
- Withhold exculpatory evidence that would validate Plaintiff's abuse disclosures and ADA retaliation claims; and

- Allow court officers and opposing counsel to falsely characterize Plaintiff as "unstable," "frivolous," or "vexatious" defamatory tropes that formed the basis of judicial rulings and public perception.

This conduct constitutes a pattern of racketeering activity under 18 U.S.C. § 1961(1), including predicate acts of:

- Obstruction of justice (18 U.S.C. §§ 1503, 1512, 1519),
- Wire and mail fraud (18 U.S.C. §§ 1341, 1343),
- Witness retaliation and tampering (18 U.S.C. § 1512(b)), and
- Deprivation of rights under color of law (18 U.S.C. § 242).

Through these actions, the AG's Office operates not as a neutral party, but as a gatekeeper for impunity, facilitating judicial misconduct and chilling constitutional petitioning activity. This constitutes direct injury to Plaintiff's liberty interests, evidentiary rights, ADA protections, and reputational standing all of which are actionable injuries under civil RICO, 18 U.S.C. § 1964(c).

Because Defendant AG's silence empowers this enterprise to continue obstructing discovery and smearing Plaintiff's credibility, default judgment is warranted not only for procedural failure but to interrupt a broader coordinated deprivation of rights.

III. LEGAL STANDARD

- Fed. R. Civ. P. 55(a) authorizes entry of default when a defendant "has failed to plead or otherwise defend."

- Default judgment is particularly appropriate when failure to respond evidences bad faith or deliberate indifference. See *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991); *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).
- Systemic neglect of statutory duties may be considered evidence of willfulness and indifference.

IV. ARGUMENT

1. The AG Failed to Defend in Federal Court.

   The AG's late entry of appearance does not cure default. The failure to answer within the Rule 12(a) period remains, justifying default under Rule 55(b).

2. The AG's State-Level Neglect Mirrors its Federal Default.

   Nine KORA complaints remain unaddressed, with only perfunctory letters promising review. In the Wettstein matter, Plaintiff complied with the AG's request for supporting documentation, but the AG never followed up, abandoning the complaint. This shows not mere oversight, but a pattern of willful neglect.

3. Plaintiff is Prejudiced by the AG's Conduct.

   By refusing to enforce KORA, the AG leaves Plaintiff without access to records necessary to protect her child and prosecute her case. Combined with the AG's refusal to defend in this federal action, the prejudice is both procedural and substantive.

4. Default Judgment is the Only Adequate Remedy.

   Allowing the AG to continue this pattern would reward systemic misconduct. Entry of default judgment ensures accountability where the AG has consistently failed to meet its obligations.

V. CONCLUSION

Plaintiff respectfully requests that this Court:

1. Enter default judgment against Defendant Kansas Attorney General under Fed. R. Civ. P. 55(b);
2. Enter declaratory and injunctive relief:
    - Declaring that the Attorney General failed to fulfill his enforcement duties under KORA;
    - Ordering prospective injunctive relief requiring the Attorney General to implement constitutionally adequate oversight of open records complaints;
3. Set a hearing under Rule 55(b)(2) to determine appropriate damages and structural relief; and
4. Grant such other relief as the Court deems just and proper.

The cumulative result of these failures is not merely procedural it is a sustained denial of Plaintiff's constitutional rights to access evidence, to petition the government without retaliation, and to seek redress in a forum free of coordinated interference. The Kansas Attorney General's silence has enabled a multi-year campaign of judicial fraud, reputational defamation, evidentiary spoliation, and continued separation from Plaintiff's minor child. Entry of default judgment is the only mechanism available to restore constitutional order and terminate the enterprise conditions that have allowed abuse and retaliation to persist unchecked.

Plaintiff reserves the right to pursue civil remedies under 42 U.S.C. §§ 1983, 1985, 12203, and 18 U.S.C. §§ 1962, 1964, and to seek federal oversight where state judicial mechanisms have collapsed due to coordinated obstruction.

Respectfully submitted,                                         Date: October 2, 2025

/s/ Angeliina Lynn Lawson

Plaintiff, pro se, and next friend of D.L., a minor

1914 5th Avenue, Leavenworth, Kansas 66048

(913) 972-1661 | angeliinacourtrecords@gmail.com

Exhibits

- Exhibit A- I: AG acknowledgment letters for April–July 2025 KORA complaints.

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2025, I electronically filed the foregoing Plaintiff's Supplemental Brief in Support of Motion for Default Judgment Against Defendant Kansas Attorney General with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record registered to receive service via CM/ECF.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

Plaintiff, pro se, and next friend of D.L., a minor

Exhibit A

# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

April 21, 2025

Angeliina Lawson
1914 5th Ave
Leavenworth, KS 66048

RE: KORA Complaint - Tina Miller (Fourth District Court Clerk)
Our File Number PP-25-000075

Dear Ms. Lawson:

On April 15, 2025, we received your KORA complaint that you submitted online April 14, 2025. In your complaint, you alleged that Fourth Judicial District Court Clerk Tina Miller violated the Kansas Open Records Act (KORA).[1] Specifically, you alleged that you made a KORA request to the District Court Clerk on March 31, 2025. You go on to allege that the clerk responded with an acknowledgment letter that was "a boilerplate letter, acknowledging receipt but offering no timeline, no record identification, and no legal justification for withholding." As a remedy, you ask to receive requested records.

This office has jurisdiction to review and resolve complaints alleging a public body or agency violated the KORA.[2] However, on your complaint you asked us to investigate Tina Miller. While the Anderson County District Court Clerk's Office meets the definition of a public agency, individuals do not. Because of this, we have determined to proceed with a review of your compliant as it pertains to the Anderson County District Court Clerk's Office. However, to be clear, an individual is not a public agency within the meaning of the KORA, and thus cannot be found to have violated its provisions or held responsible for the actions of the public agency.

*We have carefully reviewed your complaint and supporting document. Following our review, we did not identify a violation of the KORA.* The KORA provides a procedure that allows the public to request access to and copies of public records[3] held by a public agency. The key to triggering the KORA's provisions concerning the ability to access and obtain copies of public records is a public agency's receipt of a request for records that clearly indicates the requester is invoking the KORA's provisions. A public agency that receives a request invoking the KORA must only produce records in existence at the time of the request, subject to any statutory restrictions. The KORA does not require a public agency to answer questions asking for information or to research and provide answers to questions.

---

[1] K.S.A. 45-215 *et seq.*
[2] *See* K.S.A. 45-222, 45-223, 45-228, 45-251, and 45-253.
[3] *See* K.S.A. 45-217(l)(1) (defining public record).

Exhibit B



# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

June 4, 2025

Angeliina Lawson
1914 5th Avenue
Leavenworth, KS 66048

RE: KORA Complaint - Anderson County Clerk/Julie Wettstein
Our File Number PP-25-000115

Dear Ms. Lawson:

On May 23, 2025, we received your KORA complaint that you submitted online that day. In your complaint, you allege that the Anderson County Clerk/Julie Wettstein violated the Kansas Open Records Act (KORA).[1] Specifically, you allege that that on April 25, 2025 you made a KORA request to the Anderson County Clerk. You stated that she (Clerk Julie Wettstein) "... responded with a bill but never responded again and its [sic] coming up on almost a month of waiting." As a resolution to the matter you ask to "Receive requested records."

This office has jurisdiction to review and resolve complaints alleging a public body or agency violated the KORA.[2] However, on your complaint you asked us to investigate Julie Wettstein. While the Anderson County Clerk's Office meets the definition of a public agency, individuals do not. Because of this, we have determined to proceed with a review of your compliant as it pertains to the clerk's office. However, to be clear, an individual is not a public agency within the meaning of the KORA, and thus cannot be found to have violated its provisions or held responsible for the actions of the public agency.

Following a review of your complaint and supporting documents we have determined that we need additional information about your complaint. We are also asking that you provide supporting documents.

In your complaint you stated that you received a response email from Ms. Wettstein "with a bill". Please provide us with a copy of the bill. Also, if you paid for your requested documents, please provide us with the receipt for payment. Since you made your complaint have you had any further communication with Anderson County or the Anderson County Clerk's Office? If so please provide us with copies of those communications.

We ask that you provide a response to our request for additional information and supporting documents on or before **Thursday, June 19, 2025**. If your supporting documents include emails, please provide copies of the emails as they appear in your inbox, including the names, dates/times, subject and text of the email. Please be sure to include any email attachments. If your supporting documents include communication sent to you via United States mail, please provide us with a copy of the envelope as well. You may mail your response and any supporting documents to the address on this letter or email them

---

[1] K.S.A. 45-215 *et seq.*
[2] *See* K.S.A. 45-222, 45-223, 45-228, 45-251, and 45-253.

Letter to Angeliina Lawson
June 4, 2025
Page 2

to the attention of the Open Government Enforcement Unit at OGEU@ag.ks.gov. **Be sure to include the case number listed above on your response.**

We will not take any further action concerning your complaint until we receive the requested information and supporting documents. If we do not receive the requested information and documents by the date set out above, we will consider this matter closed.

We look forward to hearing from you in the near future.

Sincerely,

David Van Parys
First Assistant Attorney General
Open Government Enforcement Section

DVP:rs

Exhibit C

**STATE OF KANSAS**
**OFFICE OF THE ATTORNEY GENERAL**

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

July 10, 2025

Angeliina Lawson
1914 5th Avenue
Leavenworth, KS 66048

RE: KORA Complaint - Steven Crossland, ADA Coordinator First District Judicial Court
Our File Number PP-25-000156

Dear Ms. Lawson:

On July 10, 2025, we received your KORA complaint that you submitted online July 9, 2025. In your complaint, you alleged that the Steven Crossland, ADA Coordinator First District Judicial Court violated the Kansas Open Records Act (KORA).[1]

This matter remains pending. We will contact you if further information is needed relating to your complaint. Additionally, we will advise you of the results of our review when it is concluded.

We appreciate your patience as we continue our review of this matter.

Sincerely,

Open Government Enforcement Section
Office of the Kansas Attorney General

DVP:rs

---

[1] K.S.A. 45-215 *et seq.*



Exhibit D

**STATE OF KANSAS**
**OFFICE OF THE ATTORNEY GENERAL**

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

June 26, 2025

Angeliina Lawson
1914 5th Avenue
Leavenworth, KS 66048

RE:  KORA Complaint – Fourth Judicial District
     Our File Number PP-25-000140

Dear Ms. Lawson:

On June 26, 2025, we received your KORA complaint that you submitted online June 25, 2025. In your complaint, you alleged that the Office of Judicial Administration violated the Kansas Open Records Act (KORA).[1]

This matter remains pending. We will contact you if further information is needed relating to your complaint. Additionally, we will advise you of the results of our review when it is concluded.

We appreciate your patience as we continue our review of this matter.

Sincerely,

Open Government Enforcement Section
Office of the Kansas Attorney General

DVP:rs

---

[1] K.S.A. 45-215 *et seq.*



Exhibit E

# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

June 26, 2025

Angeliina Lawson
1914 5th Avenue
Leavenworth, KS 66048

RE:  KORA Complaint - Office of Judicial Administration
     Our File Number PP-25-000139

Dear Ms. Lawson:

On June 26, 2025, we received your KORA complaint that you submitted online June 25, 2025. In your complaint, you alleged that the Office of Judicial Administration violated the Kansas Open Records Act (KORA).[1]

This matter remains pending. We will contact you if further information is needed relating to your complaint. Additionally, we will advise you of the results of our review when it is concluded.

We appreciate your patience as we continue our review of this matter.

Sincerely,

Open Government Enforcement Section
Office of the Kansas Attorney General

DVP:rs

---

[1] K.S.A. 45-215 *et seq.*

Exhibit F

# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

June 26, 2025

Angeliina Lawson
1914 5th Ave
Leavenworth, KS 66048

RE:  KORA Complaint – Fourth Judicial District
     Our File Number PP-25-000143

Dear Ms. Lawson:

On June 26, 2025, we received your KORA complaint that you submitted online June 25, 2025. In your complaint, you alleged that the Office of Judicial Administration violated the Kansas Open Records Act (KORA).[1]

This matter remains pending. We will contact you if further information is needed relating to your complaint. Additionally, we will advise you of the results of our review when it is concluded.

We appreciate your patience as we continue our review of this matter.

Sincerely,

Open Government Enforcement Section
Office of the Kansas Attorney General

DVP:rs

---

[1] K.S.A. 45-215 *et seq.*



Exhibit G

# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

June 26, 2025

Angeliina Lawson
1914 5th Avenue
Leavenworth, KS 66048

RE: KORA Complaint - Johnson County Clerk
Our File Number PP-25-000138

Dear Ms. Lawson:

On June 26, 2025, we received your KORA complaint that you submitted online June 25, 2025. In your complaint, you alleged that the Johnson County Clerk violated the Kansas Open Records Act (KORA).[1]

This matter remains pending. We will contact you if further information is needed relating to your complaint. Additionally, we will advise you of the results of our review when it is concluded.

We appreciate your patience as we continue our review of this matter.

Sincerely,

Open Government Enforcement Section
Office of the Kansas Attorney General

DVP:rs

---

[1] K.S.A. 45-215 et seq.

Exhibit H

# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

June 26, 2025

Angeliina Lawson
1914 5th Ave
Leavenworth, KS 66048

RE:  KORA Complaint - Office of Judicial Administration
     Our File Number PP-25-000142

Dear Ms. Lawson:

On June 26, 2025, we received your KORA complaint that you submitted online June 25, 2025. In your complaint, you alleged that the Office of Judicial Administration violated the Kansas Open Records Act (KORA).[1]

This matter remains pending. We will contact you if further information is needed relating to your complaint. Additionally, we will advise you of the results of our review when it is concluded.

We appreciate your patience as we continue our review of this matter.

Sincerely,

Open Government Enforcement Section
Office of the Kansas Attorney General

DVP:rs

---

[1] K.S.A. 45-215 *et seq.*



Exhibit I

# STATE OF KANSAS
## OFFICE OF THE ATTORNEY GENERAL

**KRIS W. KOBACH**
ATTORNEY GENERAL

MEMORIAL HALL
120 SW 10TH AVE., 2ND FLOOR
TOPEKA, KS 66612-1597
(785) 296-2215 • FAX (785) 296-6296
WWW.AG.KS.GOV

July 17, 2025

Angeliina Lawson
1914 5th Avenue
Leavenworth, KS 66048

RE:  KORA Complaint - First Judicial District
     Our File Number PP-25-000162

Dear Ms. Lawson:

On July 15, 2025, we received your KORA complaint that you submitted online July 15, 2025. In your complaint, you alleged that the First Judicial District violated the Kansas Open Records Act (KORA).[1]

This matter remains pending. We will contact you if further information is needed relating to your complaint. Additionally, we will advise you of the results of our review when it is concluded.

We appreciate your patience as we continue our review of this matter.

Sincerely,

Open Government Enforcement Section
Office of the Kansas Attorney General

DVP:rs

---

[1] K.S.A. 45-215 *et seq.*