IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON[1],

                Plaintiff,

v.                                                                         Case No. 25-2171-JWB

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,

                Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss. (Docs. 11, 17, 22, 29.) The motions are fully briefed and ripe for decision. (Docs. 16, 19, 24, 25.) After review, Defendants' motions are GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART for the reasons stated herein.

I. **Facts**

The facts set forth herein are taken from Plaintiff's complaint. (Doc. 1.)[2] Plaintiff brings this action under 42 U.S.C. § 1983[3] against Defendant state agencies Kansas Department for Children and Families ("DCF") and the Kansas Attorney General's Office ("AG's Office"). She

---

[1] The court notes that Plaintiff has several pending actions that are presently before the undersigned. In one of those matters, on August 25, 2025, Plaintiff filed a "Notice Regarding Judicial Complaint and Renewed Request for Protective Reassignment." *See Lawson v. Godderz*, Case No. 25-2199, Doc. 25 (D. Kan. 2025). According to the notice, Plaintiff's judicial complaint to the Tenth Circuit was filed due to the undersigned's rulings in Plaintiff's cases. Plaintiff also included an exhibit which identifies adverse rulings in both her federal and state cases. Notably, only one ruling identified was issued by the undersigned. The remaining rulings in the federal cases were issued by the magistrate judge. In any event, although Plaintiff filed a judicial complaint against the undersigned and it remains pending before the Tenth Circuit, this court finds that the judicial complaint is frivolous as it merely complains of an adverse ruling against Plaintiff which is not a basis to find improper judicial conduct. Therefore, the court will proceed to rule on pending motions in this case as there is no basis for the undersigned to recuse from this matter at this time.
[2] Although Plaintiff includes an exhibit list with her complaint identifying sixteen exhibits, there are no exhibits attached to the complaint. (Doc. 1.)
[3] Plaintiff's response to the motion to dismiss indicates that she has brought a claim under the Americans with Disabilities Act. (Doc. 16 at 3.) Her complaint does not state such a claim.

1

also brings claims against DCF employees Amanda Miranda and Heather Dunz in their individual and official capacities. Plaintiff brings this action on behalf of herself and her minor child.

The allegations at issue appear to involve child protection investigations by DCF regarding Plaintiff's child. Plaintiff alleges that her son told DCF officials that his father lied to police during an abuse investigation, that his father threatened suicide if the child continued taking his medication, and that the guardian ad litem appointed in the case told the child to refrain from testifying truthfully in court proceedings. (Doc. 1 at 2.) Plaintiff also alleges that the child's statements were documented by DCF but concealed from Plaintiff. She filed a formal request under the Kansas Open Records Act for the records. In response, Plaintiff contends that DCF produced incomplete, redacted, and misleading records. Plaintiff argues that she was "subjected to retaliation and obstruction by DCF staff" after she requested the records. (*Id.*) As a result, Plaintiff was excluded from proceedings involving her child, which caused Plaintiff to suffer emotional distress and her child to suffer trauma.

Plaintiff's § 1983 claims include a violation of her right to due process by Defendants' failure to notify her of abuse disclosures, falsifying records, and refusal to disclose records; a first amendment retaliation claim against all Defendants; a *Monell* claim against DCF and AG's Office; and state created danger claim against all Defendants. Defendant DCF moves for dismissal on the basis of sovereign immunity and failure to state a claim. The individual Defendants move for dismissal on the basis that Plaintiffs' complaint fails to state a claim and that the official capacity claims against them should be dismissed on sovereign immunity. Defendant AG's Office moves for dismissal on sovereign immunity, insufficient service, and lack of standing.

## II. Standard

To state a valid claim for relief, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). In reviewing a motion to dismiss, all well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III. Analysis

### A. Minor Child

At the outset, the court first addresses Plaintiff's claims brought on behalf of her minor child. "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Therefore, any claims on behalf of Plaintiff's child are subject to dismissal.

### B. Immunity

Next, both DCF and the AG's Office move for dismissal on the basis of sovereign immunity. The Eleventh Amendment bars suits against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). The immunity applies equally to state agencies. *Fla. Dep't*

*of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981). States are entitled to immunity unless that immunity has been waived. A state will be deemed to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman*, 415 U.S. at 673. The State of Kansas has not waived its immunity to be sued here. *See Lee v. McManus*, 589 F. Supp. 633, 638 (D. Kan. 1984). Plaintiff does not assert waiver; rather, Plaintiff argues that sovereign immunity does not apply to prospective relief and she is seeking injunctive relief against the agencies. Plaintiff asserts that her claims against the agencies can survive under the *Ex Parte Young* doctrine.

The *Ex Parte Young* doctrine would allow Plaintiff to bypass sovereign immunity for prospective injunctive relief. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). However, this exception only applies to suits against "state officials, rather than the state itself[.]" *Lewis v. N.M. Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001). The State of Kansas and its agencies are not "persons" and cannot be sued under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Plaintiff's request for injunctive relief against the state's agencies is accordingly subject to dismissal.

Therefore, Defendant AG's Office's first motion to dismiss (Doc. 17) is granted. The remaining motions to dismiss field by Defendant AG's Office are moot (Docs. 22, 29).[4] Defendant DCF's motion to dismiss (Doc. 11) is granted as to that entity.

---

[4] Although Defendant AG's Office moved to dismiss on the basis of a lack of standing, the court declines to address this issue due to the ruling herein and because the argument was narrowly tailored and did not address all claims. This ruling also results in a denial of Plaintiff's motion for default judgment (Doc. 34) against Defendant AG's Office. The court notes that even if the responsive pleading filed by Defendant AG's Office was untimely or the defense of insufficient service of process was waived, the court would not have entered default judgment in this matter as the court would have exercised its authority to dismiss the action due to sovereign immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

### C. Individual Defendants

The individual Defendants move for dismissal on the basis that Plaintiff has failed to state a claim against them. Essentially, they argue that the complaint wholly fails to identify the actions they took and how they violated her constitutional rights. The court agrees.

"Individual liability under § 1983 must be based on [the defendant's] personal involvement in the alleged constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013). To state a claim under Section 1983, "'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676). Allegations generally referring to "Defendants" are "not sufficient to show how [an individual] 'might be individually liable for deprivations of [a plaintiff's] constitutional rights.'" *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff's factual allegations must sufficiently allege an affirmative link between the constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Plaintiff fails to allege the requisite personal participation as to Defendants Miranda and Dunz. The only allegations that relate to these Defendant are that they are "state officials responsible for executing, concealing, or failing to remedy the conduct described herein." (Doc. 1 at 2.) That is entirely conclusory and insufficient to state a claim under § 1983.

In her response, Plaintiff requests leave to file an amended complaint should the court find her allegations deficient. (Doc. 16 at 4.)[5] The court is to "give leave to amend freely, especially

---

[5] The court notes that Plaintiff's response exceeds the page limits allowed by this court's local rule. D. Kan. 6.1. In the future, Plaintiff must comply with this court's rules on page limitations and other rules. The failure to comply may result in a filing being stricken from the record.

when the plaintiff is proceeding pro se." *Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012). Plaintiff will be allowed an opportunity to amend her complaint against both individual Defendants. Plaintiff is cautioned to limit her claims to those individual Defendants as the court has determined that Plaintiff's complaint against DCF and the AG's Office must be dismissed. Further, Plaintiff cannot bring a claim on behalf of her child unless she is represented by counsel. To the extent Plaintiff's amended complaint asserts official capacity claims against the individual Defendants, those claims must be limited to prospective relief.

### IV. Conclusion

Defendant AG's Office's motion to dismiss on the basis of sovereign immunity (Doc. 17) is GRANTED. The remaining motions to dismiss filed by Defendant AG's Office are MOOT. (Docs. 22, 29.) Further, Plaintiff's motion for default judgment (Doc. 34), application for clerk's entry of default (Doc. 42), and Plaintiff's objection[6] (Doc. 41) to Magistrate Judge James's order staying discovery pending a ruling on the motions to dismiss are DENIED AS MOOT.

The DCF Defendants' motion (Doc. 11) is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART. Defendant DCF's motion to dismiss is GRANTED. The individual Defendants' motion is TAKEN UNDER ADVISEMENT. Plaintiff is to file an amended complaint on or before October 30, 2025. The amended complaint must comply with this order and Federal Rule of Civil Procedure 8(a). Should Plaintiff fail to file an amended complaint, this matter will be dismissed without further notice.

IT IS SO ORDERED. Dated this 9th day of October, 2025.

---

[6] Even if this objection is not moot due to the ruling herein, the court finds no error in the decision to stay this matter until a ruling on dispositive motions.

                    s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE