UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff, and as Next Friend of D.L., a minor,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,

Defendants.

Case No. 2:25-cv-02171-JWB-TJJ

JURY TRIAL DEMANDED

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Plaintiff Angeliina Lynn Lawson, pro se and as next friend of minor D.L., hereby appeals to the United States Court of Appeals for the Tenth Circuit from the final Memorandum and Order entered on October 9, 2025 (Dkt. 48), which effectively constitutes a final judgment as to all claims against the Kansas Department for Children and Families and the Kansas Attorney General's Office:

1. The Memorandum and Order entered on October 9, 2025 (Dkt. 48), which:

    a) Granted Defendants' motions to dismiss as to all claims against the defaulted Kansas Attorney General's Office and Kansas Department for Children and Families (KDCF);

b) Denied Plaintiff's Motion for Default Judgment (Dkt. 34), Application for Clerk's Entry of Default (Dkt. 42), Objection to Stay Order (Dkt. 41), and related filings without Rule 55(b)(2) hearing;

c) Dismissed all claims brought on behalf of Plaintiff's minor child, D.L., without conducting the required Rule 17(c) analysis;

d) Denied relief without addressing Plaintiff's jury trial demand, ADA retaliation claims, or the pending Motion to Certify Interlocutory Appeal (Dkt. 45); and

e) Labeled Plaintiff's judicial misconduct complaint as 'frivolous' while simultaneously ruling on the subject matter of that complaint, in violation of the Code of Conduct for United States Judges, Canon 2 "A judge should avoid impropriety and the appearance of impropriety in all activities" and Canon 3(C) "A judge shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned" and the judges have not proven themselves trustworthy by demonstrating improper bias and retaliatory animus. Plaintiff does not trust the presiding judges can rule impartially with slanderous statements made to discredit claims and obstruct access to a judicial forum.

Plaintiff also objects to the Court's dismissal of all claims asserted on behalf of D.L., a minor, without addressing Plaintiff's role as next friend under Rule 17(c), her status as his ADA advocate, or the procedural requirements to protect the interests of disabled minors in civil rights proceedings.

This denial of standing occurred without hearing or factual inquiry, violating the Due Process Clause, Rule 17(c), and ADA Title II access rights.

2. Any and all prior interlocutory rulings, orders, and omissions adverse to Plaintiff, including but not limited to:

   a) The Order Staying Discovery and Pretrial Proceedings entered on August 6, 2025 (Dkt. 40);

   b) The Court's refusal to issue rulings on Plaintiff's Rule 72(a) objection (Dkt. 41), jury trial protection notice (Dkt. 43), and motion for interlocutory appeal (Dkt. 45);

   c) The Court's failure to hold a Rule 16 conference or Rule 55(b)(2) hearing following the procedural default of the Kansas Attorney General's Office, resulting in constructive denial of due process and equal protection.

This includes the Court's failure to schedule a Rule 16 conference, disregard of Plaintiff's proposed scheduling order, suppression of Plaintiff's Rule 37 enforcement rights, and preemptive denial of Plaintiff's Seventh Amendment right to a jury trial under Fed. R. Civ. P. 38.

This appeal is taken pursuant to 28 U.S.C. § 1291, § 1292(b) (to the extent certification is deemed implicit), and Federal Rules of Appellate Procedure 3 and 4.

II. BASIS OF APPEAL AND LEGAL MAXIMS INVOLVED

The district court allowed defaulted Defendants to prevail by dismissal without hearing, contrary to the maxim "Justice delayed is justice denied" (Black's Law Dictionary 11th ed.). By suppressing evidence, refusing hearings, and discrediting judicial complaints, the court violated core maxims and constitutional principles:

a) U.S. Const. amend. I Right to petition the Government for redress of grievances; retaliation for protected petitioning is unconstitutional.

b) U.S. Const. amend. V & XIV No person shall be deprived of life, liberty, or property without due process of law;

c) equal protection requires impartial application of procedural rules.

d) U.S. Const. amend. VII The right of trial by jury shall be preserved in civil cases where value in controversy exceeds twenty dollars; this is a fundamental right, not a discretionary privilege.

e) Maxim of Law: Ubi jus ibi remedium ("Where there is a right, there is a remedy"). By deny ing default relief and hearings, the court destroyed the remedy for the rights asserted.
Maxim of Law: Audi alteram partem ("Let the other side be heard"). A court that refuses to hear a party on motions of right violates natural justice.

f) Canon 3(A)(4) A judge must "accord to every person who has a legal interest in a proceeding the full right to be heard." This was not observed in Plaintiff's case.

"Justice must not only be done; it must be seen to be done."

– *R v. Sussex Justices, ex parte McCarthy* (1924)

Moreover, Plaintiff objects to the procedural posture imposed by the district court, which effectively required Plaintiff to defend the factual merits of her claims at the pleading stage without the benefit of discovery. Plaintiff's proposed scheduling order was disregarded, the Rule 16 conference never occurred, and a broad stay (Dkt. 40) was issued sua sponte before any evidentiary disclosures or depositions could take place. For the court to then dismiss Plaintiff's claims for "lack of factual support" (Dkt. 48) while discovery was affirmatively blocked

constitutes a denial of procedural due process and contradicts the pleading standards set forth in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's verified complaint and sworn declarations, when accepted as true, were more than sufficient to survive a motion to dismiss at this early stage.

## III. JURISDICTIONAL AND STATUTORY BASES

This appeal is taken under 28 U.S.C. § 1291 (final decisions of district courts) and, to the extent applicable, § 1292(b) (interlocutory orders affecting control of the case), together with Federal Rules of Appellate Procedure 3 and 4.

Plaintiff further preserves her federal rights under:

a) Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134 and § 12203 (anti-retaliation);

b) Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968;

c) 42 U.S.C. § 1983, for deprivation of civil rights under color of law; and

d) Fed. R. Civ. P. 55, 60(b), 38, and 37, protecting default judgment, fraud-on-the-court relief, right to a civil jury trial, and evidence preservation and enforcement under Rule 37.

## IV. SUMMARY OF ISSUES ON APPEAL

1. Whether the district court erred as a matter of law by dismissing Plaintiff’s claims after Defendants defaulted, without holding a mandatory Rule 55(b)(2) hearing, and while ignoring Plaintiff’s renewed default motion and related filings.

2. Whether the district court's dismissal of Plaintiff's ADA retaliation claims and denial of her demand for a jury trial violated the First, Seventh, and Fourteenth Amendments to the U.S. Constitution.
3. Whether the court's sua sponte characterization of a pending judicial misconduct complaint as "frivolous," while simultaneously ruling on matters central to that complaint, violated Canons 2 and 3(C)(1) of the Code of Judicial Conduct and the appearance-of-bias standard established in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).
4. Whether the court's refusal to rule on Plaintiff's pending motions (Dkts. 41, 43, 44, 45, 46, 47), including her Motion to Show Cause and Motion for Interlocutory Appeal, constituted a constructive denial of due process, equal protection, and access to courts under the First and Fourteenth Amendments.
5. Whether the dismissal of claims brought on behalf of a disabled minor without appointing a guardian ad litem or conducting a hearing under Rule 17(c) violated the Due Process Clause and the long-standing equitable maxim that "the law protects the vulnerable who cannot protect themselves."
6. Whether the district court's pattern of procedural suppression—including denial of default, suppression of ADA and civil rights claims, refusal to rule on Rule 37 and Rule 60(b)(3) motions, and retaliatory language in judicial orders—supports Plaintiff's claim of systemic obstruction and retaliatory enterprise conduct under 42 U.S.C. § 1983 and 18 U.S.C. § 1962(c) (civil RICO).

V. RELIEF REQUESTED

"Right and justice shall be administered without sale, denial, or delay." (U.S. Const. Amend. V; Kansas Bill of Rights Art. VI).

Plaintiff respectfully requests that this Honorable Court intervene to restore the integrity of judicial process and enforce the constitutional guarantees denied below. The record demonstrates a pattern of deliberate delay, suppression of duly filed motions, and retaliatory orders that deprived Plaintiff of access to an impartial tribunal and equal protection of the laws.

Accordingly, Plaintiff requests that the Tenth Circuit:

1. Reverse the District Court's Memorandum and Order of October 9, 2025 (Dkt. 48);
2. Vacate the findings denying Plaintiff's motions for default judgment;
3. Plaintiff further requests that this appeal be reviewed in light of her previously filed judicial misconduct complaint and accompanying addendum, which document a continuing pattern of procedural obstruction, retaliatory rulings, and systemic suppression of constitutional claims by the assigned judges.
4. Reinstate Plaintiff's Rule 55(b)(2) default rights and ADA Title II retaliation claims for adjudication on the merits;
5. Remand the case for a full jury trial before a neutral, reassigned tribunal under 28 U.S.C. § 292 to ensure impartiality and ADA compliance;
6. Order structural and injunctive relief directing the lower court to safeguard Plaintiff's due-process, equal-protection, and jury-trial rights in future proceedings; and
7. Grant any further relief this Court deems just and proper to redress continuing harm from judicial retaliation and to preserve the rule of law.

In the spirit of enduring legal principle *Fiat justitia, ruat caelum* ("Let justice be done though the heavens fall") Plaintiff seeks nothing more than the fair and lawful administration of justice guaranteed by the Constitution.

Respectfully submitted, Dated: October 9, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

Pro Se Plaintiff and Next Friend of D.L.

(Address on file)

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2025, I electronically filed the foregoing: NOTICE OF APPEAL with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all parties and counsel of record who are registered to receive service via CM/ECF.

I further certify that I am proceeding pro se and that this filing preserves all constitutional, statutory, and appellate rights under federal law.

Respectfully submitted,

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

Pro Se Plaintiff and Next Friend of D.L.