IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff, and as next friend of D.L., a minor,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,

Defendants.

Case No. 2:25-cv-02171-JWB-TJJ

JURY TRIAL DEMANDED

PLAINTIFF'S FORMAL OBJECTION TO MEMORANDUM AND ORDER (DKT. 48)

I. INTRODUCTION

Plaintiff Angeliina Lynn Lawson, pro se and as next friend to D.L., hereby enters this formal objection to the Court's October 9, 2025 Memorandum and Order (Dkt. 48), pursuant to the U.S. Constitution, Federal Rules of Civil Procedure, and preserved statutory rights under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and 18 U.S.C. § 1961 et seq. (civil RICO). This objection is entered for the record and is not a motion.

II. OBJECTIONS TO PROCEDURAL ERRORS AND DUE PROCESS VIOLATIONS

A. The Court Retaliated for a Pending Judicial Misconduct Complaint

The Court explicitly acknowledged Plaintiff's misconduct complaint and labeled it "frivolous" (Dkt. 48 at 1 n.1), then immediately issued adverse rulings on the very filings subject to that complaint. This is a violation of Canon 2 and 3(C)(1) of the Code of Conduct for United States Judges and of Plaintiff's First Amendment right to petition for redress.

B. The Court Ignored Procedural Default and Denied Rule 55(b)(2) Protections

The Attorney General's Office was served on April 29, 2025, but failed to answer timely. Plaintiff filed an Application for Clerk's Entry of Default (Dkt. 12), Motion for Default Judgment (Dkt. 13), and Renewed Motion for Default Judgment (Dkt. 34). The Court never held a Rule 55(b)(2) hearing, as required by *Fed. R. Civ. P. 55(b)(2)* when default judgment is sought against a party who has appeared, and later denied these filings as 'moot' after suppressing them for over 120 days.

C. The Court Weaponized a Stay to Prevent Plaintiff from Accessing Discovery

Plaintiff's proposed scheduling order (Dkt. 26) and participation in the Rule 16 conference were preempted by a sua sponte stay (Dkt. 40) before any Rule 26 disclosures or discovery occurred. Defendants did not move for a stay. Plaintiff's objection (Dkt. 41) was ignored.

D. The Court Denied Jury Trial Access Without Hearing

Plaintiff filed a Jury Trial Protection Notice (Dkt. 43), yet the Court dismissed the case without scheduling trial, despite a valid demand under Rule 38 and the Seventh Amendment.

E. The Court Disregarded ADA and Retaliation Claims

Plaintiff pleaded retaliation under ADA Title II and § 12203 across multiple filings, including Dkts. 1, 16, 30, 34, and 46. The Court falsely stated that "her complaint does not state such a claim" (Dkt. 48 at 1 n.3), which is incorrect, misleading, and constitutes suppression of federal rights under color of law.

F. The Court Dismissed Child Claims Without Due Process

Plaintiff acted as ADA advocate and next friend under Rule 17(c). The Court dismissed claims on behalf of D.L. without a hearing, without factfinding, and without appointment of counsel violating due process and misapplying *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986), which held that dismissal is improper unless the court first determines whether the parent adequately represents the child's interests.

G. The Court Obstructed Access to Evidence, Enabling Destruction and Spoliation

Throughout this case, Plaintiff filed multiple notices (Dkts. 27, 28, 30, 31, 33, 44, 46) documenting:

- Ignored federal subpoenas issued to DCF and AG witnesses;
- Notice of evidence destruction by DCF officials (Dkt. 46, Ex. B);
- Documented refusal to comply with preservation obligations under Rule 37 and the Guidelines for ESI.

These filings were all pending when the Court issued its October 9, 2025 Order dismissing the case without factfinding, hearing, or evidentiary review. This is not merely procedural error it is

willful judicial obstruction of Plaintiff's Seventh Amendment right to trial and of the truth-seeking process itself.

The Court's silence on subpoena enforcement and spoliation amounts to abetting the destruction of evidence and falls under 18 U.S.C. § 1519 as a predicate act of obstruction under the RICO statute. By granting dismissal while discovery was stayed and records were actively being destroyed, the Court rendered judgment with full knowledge that facts were inaccessible and withheld thereby converting this dismissal into a structural violation of the Constitution.

III. RELIEF REQUESTED

Plaintiff respectfully requests that this objection be docketed and preserved for appeal under 28 U.S.C. § 1291 and § 1292(b). Plaintiff further requests:

1. That the record reflect this objection as a challenge to procedural irregularities and violations of the First, Fifth, and Fourteenth Amendments;
2. That no further judicial retaliation be inflicted based on Plaintiff's lawful filings, objections, or misconduct complaints;
3. That this objection serve as an evidentiary addendum to the pending Notice of Appeal and Judicial Misconduct Complaint.

That the Court's October 9, 2025 Memorandum and Order (Dkt. 48) be recognized as void for structural due process violations, retaliation, and refusal to adjudicate matters under its jurisdiction — specifically:

- Default under Rule 55(b)(2);

- Jury trial demand under Rule 38 and the Seventh Amendment;

- Subpoena and record-spoliation matters constituting obstruction of justice;

- Misapplication of ADA Title II and § 12203 protections.

That this Objection serve as notice under Rule 60(b)(4) of a judgment that is void ab initio due to the district court's abandonment of its constitutional obligations and refusal to exercise judicial power.

This Court is now on notice that dismissal under such conditions constitutes an abandonment of judicial function and will be challenged at every level available to the People under law.

Respectfully Submitted,                                                                                    October 13, 2025

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson
Pro Se Plaintiff and ADA Advocate
1914 5th Ave., Leavenworth, KS 66048
angeliinacourtrecords@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2025, I electronically filed the foregoing PLAINTIFF'S FORMAL OBJECTION TO MEMORANDUM AND ORDER (DKT. 48)with the Clerk of the Court by using the CM/ECF system, whichwill send notice of electronic filing to all counsel of record registered to receive service via CM/ECF.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson

Plaintiff, pro se, and next friend of D.L., a minor