IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff and Next Friend of D.L., a minor,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,

Defendants.

Case No. 2:25-cv-02171-JWB-TJJ

JURY DEMANDED

MOTION TO DISQUALIFY JUDGE JOHN W. BROOMES

AND MAGISTRATE JUDGE TERESA J. JAMES UNDER 28 U.S.C. § 455

COMES NOW Plaintiff Angeliina Lynn Lawson, pro se and on behalf of her minor son D.L., and respectfully moves this Court to disqualify both Judge John W. Broomes and Magistrate Judge Teresa J. James from further participation in this matter pursuant to 28 U.S.C. § 455(a) and (b), Fed. R. Civ. P. 63, and constitutional due process guarantees. This motion is supported by the following:

I.      INTRODUCTION

Both Judge Broomes and Magistrate Judge James have been the subject of filed judicial misconduct complaints and a pending federal writ of mandamus (10th Cir. No. 25-3158) regarding their structural bias, judicial inaction, and retaliation against Plaintiff in this and related dockets. Their continued assignment to this matter presents an appearance of impropriety and an intolerable risk of actual bias, warranting mandatory disqualification under § 455.

II.   LEGAL STANDARD

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under § 455(b)(1), disqualification is mandatory where the judge "has a personal bias or prejudice concerning a party." The standard is objective: whether a reasonable person, knowing all the facts, would conclude the judge's impartiality might reasonably be questioned.

III.   ARGUMENT

1. Judicial Complaints Have Been Filed Against Both Judges
   Plaintiff has filed judicial misconduct complaints against both Judge Broomes and Magistrate James with the Tenth Circuit Judicial Council, based on their rulings in this and related cases (2:25-cv-02199, 2:25-cv-02251, 6:25-cv-01179, 5:25-cv-04045). Those complaints allege repeated violations of ADA Title II, obstruction of Rule 4 summons, improper denial of preservation motions, and refusal to address out-of-district reassignment motions.
2. Writ of Mandamus Seeks Their Removal
   In the related RICO case (6:25-cv-01179-JWB-TJJ), Plaintiff has filed a Petition for Writ

2

of Mandamus requesting that the Tenth Circuit remove these judges from her docket due to demonstrated bias, pattern obstruction, and judicial entwinement in the very misconduct alleged. A reasonable observer would conclude that continued oversight by the same judges creates structural prejudice.

3. Judge Broomes Retaliated by Calling the Judicial Complaint "Frivolous"

    In a published order in this case (Doc. 48), Judge Broomes stated:

"Although Plaintiff filed a judicial complaint against the undersigned and it remains pending before the Tenth Circuit, this court finds that the judicial complaint is frivolous..."

This statement violates Plaintiff's First Amendment right to petition for redress of grievances. It constitutes retaliatory disparagement and prejudges the outcome of the judicial complaint process. The judge publicly labeled Plaintiff's protected conduct as frivolous in a federal order, chilling her access to impartial review and creating an appearance of emotional bias without a hearing, trial of the evidence, pre-discovery and demands for jury trial.

4. Both Judges Are Named in the Pattern Alleged in Plaintiff's Civil RICO Complaint

    Plaintiff has named both judges in her RICO filings as having obstructed ADA litigation and acted in concert with the enterprise through acts of summons suppression, denial of accommodations, and docket manipulation. This entwinement in the factual predicates of Plaintiff's claim renders them functionally adverse parties and disqualifies them under Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).

5. Structural Conflicts Cannot Be Waived

    Even if Plaintiff could waive bias, the structural appearance of impropriety cannot be waived. Judge Broomes and Magistrate James presided over multiple dockets where

3

similar ADA retaliation and judicial fraud were alleged. Their continued retention of this case risks undermining public confidence in the judiciary.

IV.  RELIEF REQUESTED

Plaintiff respectfully requests that:

1. Judge John W. Broomes and Magistrate Teresa J. James be immediately disqualified from this matter;
2. The Clerk of the Court refer this case to the Chief Judge of the Tenth Circuit for reassignment under 28 U.S.C. § 292(b) and (c);
3. All orders issued by these judges be vacated or reviewed de novo by a neutral reassigned judge;
4. The case be reassigned to an Article III judge out-of-district with no connection to Plaintiff's pending complaints or named judicial defendants.

Respectfully submitted,

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

Plaintiff and Next Friend of D.L., a minor,

1914 5th Avenue, Leavenworth, KS 66048

angeliinacourtrecords@gmail.com | (913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2025, I filed the foregoing Motion to Disqualify Judge John W. Broomes and Magistrate Judge Teresa J. James using the CM/ECF system of the United States District Court for the District of Kansas, which will send electronic notice to all registered participants including:

• Bradley E. Avery, Assistant Attorney General for the State of Kansas – brad.avery@ag.ks.gov

• Marc Altenbernt, General Counsel for Kansas DCF – marc.altenbernt@ks.gov

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

Plaintiff and Next Friend of D.L., a minor,