FILED  
United States Court of Appeals  
Tenth Circuit

November 4, 2025

Christopher M. Wolpert  
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ANGELIINA LYNN LAWSON,

    Plaintiff - Appellant,

v.

KANSAS DEPARTMENT OF
CHILDREN AND FAMILIES; OFFICE
OF THE KANSAS ATTORNEY
GENERAL; AMANDA MIRANDA;
HEATHER DUNZ,

    Defendants - Appellees.

No. 25-3182  
(D.C. No. 2:25-CV-02171-JWB-TJJ)  
(D. Kan.)

_____

**ORDER**

_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

    This matter is before the court upon Ms. Lawson's response to this court's October 10, 2025, jurisdictional show cause order, as well as Ms. Lawson's pending motions.

    As a preliminary matter, Ms. Lawson has filed the following three motions: (1) *Appellant's Motion to Clarify Disclosure Statements and for Judicial Conflict Review Under 28 U.S.C. § 455(a)*, ECF No. 11; (2) *Appellant's Motion to Reject Untimely and Defective Entry of Appearance by Appellees Kansas Department for Children and Families, Amanda Miranda, and Heather Dunz*, ECF No. 12; and (3) *Appellant's Motion to Clarify Disclosure Statement of Appellees Kansas Department for Children and Families, Amanda Miranda, and Heather Dunz*, ECF No. 19. The motions to clarify the

disclosure statements, ECF Nos. 11 and 19, are DENIED. The motion to reject the entry of appearance, ECF No. 12, is DENIED AS MOOT.

In this court's October 10, 2025, show cause order, the court challenged its jurisdiction over the district court's October 9, 2025, order because it did not appear to be a final appealable order. Ms. Lawson responded to the show cause order, asserting that it was a final dispositive order as to the Attorney General's Office and the Department for Children and Families, or alternatively, subject to the collateral order doctrine under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949).

Generally, this court's appellate jurisdiction is limited to review of final decisions of the district courts within this circuit. 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999). In other words, "[a] final judgment is one that terminates all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted). This court has held that the dismissal of a complaint rather than the action is not a final appealable order. *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1296 n.15 (10th Cir. 2008) ("A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.").

Here, the proceedings in the district court remain ongoing, and there is no final order or judgment to appeal. The district court dismissed some, but not all, of the parties. Additionally, the district court expressly directed Ms. Lawson to file an amended

2

complaint, indicating that the October 9, 2025, order was not a final order. So, the district court's order is not a final decision. Moreover, Ms. Lawson's arguments that this order is subject to the collateral order doctrine are unpersuasive. This court is without jurisdiction to consider this appeal.

      APPEAL DISMISSED.

                                        Entered for the Court
                                        Per Curiam