IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELINA LYNN LAWSON,<br>And as next friend of D.L., a minor<br><br>Plaintiff,<br><br>v.<br><br>KANSAS DEPARTMENT FOR CHILDREN<br>AND FAMILIES, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 25-CV-2171-JWB-TJ<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT KANSAS ATTORNEY GENERAL'S OFFICE MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant Kansas Attorney General's Office (hereinafter, "Defendant" or "OAG"), by and through undersigned counsel, provides this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Angelina Lynn Lawson's (hereinafter, "Plaintiff" or "Lawson") Amended Complaint (Doc. 55), and states the following in support.

**NATURE OF THE CASE**

The Plaintiff's original Complaint was a civil action brought under 42 U.S.C. § 1893 against Defendants Kansas Department for Children and Families (hereinafter, "DCF"), the OAG, Amanda Miranda, and Heather Dunz. (Doc. 1). The Court dismissed the claims against the State defendants and took the Motion to Dismiss by the individual defendants under advisement. (Doc. 48). The Plaintiff's Amended Complaint restates the

four counts included in the Original Complaint and includes an additional seven claims. (Doc. 55). The Plaintiff has brought this litigation to recover against the various Defendants for alleged violations that occurred at DCF, and specifically violations regarding access to records relating to D.L., a minor.

## STATEMENT OF FACTS

The Plaintiff filed her Original Petition on or about April 2, 2025. (Doc. 1). In the Complaint the Plaintiff alleges that the Defendants conspired to avoid compliance with a KORA request for information submitted to DCF. (Doc. 1 ¶¶ 13-26). Defendant OAG filed Motions to Dismiss on June 9, 2025, June 30, 2025, and July 16. (Doc. 17, 22, and 29). The Court granted OAG's first Motion to Dismiss (Doc. 17) on October 9, 2025 based upon Sovereign Immunity. (Doc. 48). On October 9, 2025, Plaintiff filed a Notice of Interlocutory Appeal for the Order Dismissing the OAG. (Doc. 49). On October 29, 2025, Plaintiff filed her Amended Complaint. (Doc. 55) On November 4, 2025, the Plaintiff's Appeal was dismissed by the 10th Circuit. (Doc. 61).

## STANDARDS

I. **Lack of Subject Matter Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Plaintiff as the party invoking the Court's jurisdiction, bears the burden of showing its existence. *Id*. "A court lacking jurisdiction cannot render

judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018). A federal court must generally "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

## II.     Failure to State a Claim

On a Rule 12(b)(6) motion to dismiss; or a facial attack under 12(b)(1), a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Brownback v. King*, 592 U.S. 209, 217 (2021) ("a plaintiff must plausibly allege all jurisdictional elements"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Garling*, 849 F.3d at 1293 & n.3 (applying Twombly and Iqbal to a facial attack on subject-matter jurisdiction under Rule 12(b)(1)).]

The court need not accept as true those allegations that state only legal conclusions. *Iqbal*, 556 U.S. at 678. Under this standard, a plaintiff's claim must cross the line from "conceivable to plausible," and "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable

likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Although courts have traditionally construed pro se pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Similarly, courts do not assume the role of an advocate for the pro se litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A pro se litigant is expected to construct his or her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.* at 840-41.

## ARGUMENTS

### III.   Lack of Standing to bring claim on behalf of D.L.

"[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). (Doc. 48). The Court in *Harnett v. Farm Service Agency* dealt with a similar scenario where a non-lawyer trustee was attempting to represent a trust. *Hartnett v. Farm Serv. Agency, United States Dept. of Agric.*, 2018-CV-01045, 2018 WL2971692 (D. Kan. June 12, 2018). In *Harnett, the* Court dismissed the complaint with prejudice under Rule 12(b)(6) because as a non-lawyer he was "not permitted to proceed pro se on behalf of the Trust, he can prove no set of facts entitling him to relief." *Id.* The Court should apply the same reasoning here and dismiss the

Amended Complaint in this case with prejudice under Rule 12(b)(6) because the Plaintiff is barred from proceeding pro se on behalf of D.L.

## IV.     Plaintiff has failed to Establish Subject-Matter Jurisdiction

The Court lacks subject matter jurisdiction because the Complaint is barred by Eleventh Amendment sovereign immunity, and the Plaintiff has otherwise failed to establish subject-matter jurisdiction in this case.

### A.     Sovereign Immunity bars the Complaint

"The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity." *Id.* As such, state agencies share the state's immunity from suits against them in their official capacities for monetary damages or declaratory relief. *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996). Because of the presumption that statutes do not abrogate this immunity, state agencies do not even count as "persons" amenable to suit under § 1983, and neither do state officials sued in their official capacities for monetary damages or declaratory relief. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-67, 71 & n.10 (1989).

A narrow exception to sovereign immunity allows a plaintiff to seek prospective relief against a state official for ongoing violations of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). But the Eleventh Amendment bars claims for "retrospective

declaratory relief" against state officials. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004). And Eleventh Amendment immunity still bars claims for prospective injunctive relief for ongoing violations of state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).] "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams*, 928 F.3d at 1212.

1. **The Court has previously ruled sovereign immunity bars Counts I, II, III, and IV**

Here, this Court has already ruled on the issue of Eleventh Amendment sovereign immunity in the Courts Order Granting the OAG's Motion to Dismiss on October 9, 2025. (*See* Doc. 48). Specifically, the Court ruled the *Ex Parte Young* doctrine does not "bypass sovereign immunity" in this instance because, "The State of Kansas and its agencies are not "persons" and cannot be sued under section 1983." (*Id*. at pg. 4).

Plaintiff's original Complaint contained four claims for relief. The Amended Complaint includes eleven (11) claims. (*Compare* Doc. 1 and Doc. 55). The first four claims are the same in both the Original and Amended Complaint. (*Compare* Doc. 1 and Doc. 55). Accordingly, the Court has already ruled that sovereign immunity bars claims I, II, III, and IV; therefore, they should be similarly dismissed under Fed. R. Civ. P. 12(b)(1) as barred by sovereign immunity. (Doc. 48). Furthermore, the refiling of those claims against the OAG appears to be violation of the Courts order. (*Id*.).

Of the seven new claims, only claims VII, VIII, and IX appear to be against the OAG. For claims V, VI, X, and XI, Defendant OAG asserts sovereign immunity bars the

claims against the OAG if the Plaintiff later asserts they are intended to be claims against the OAG as well.

### 2. Count VIII Fraud on the Court

The Plaintiff has filed multiple lawsuits. In a separate lawsuit, before this same Court, the Plaintiff similarly brought a claim alleging fraud upon the Court in *Lawson v. Godderz*, 2025-CV-01179. In that case, the Court held the, "Plaintiff again has failed to provide any authority suggesting that immunity has been waived or abrogated as to Count VI [fraud upon the court]. Thus, it is dismissed." *Angeliina Lynn Lawson v. Eric Godderz, et al.* Case No. 25-2199-JWB at *4, 2025 WL 3022371 (D. Kan. October 29, 2025). Similarly, the Plaintiff has provided no legal basis why Eleventh Amendment sovereign immunity would not bar the claim here as well. Therefore, Count VIII should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction as it is barred by Eleventh Amendment sovereign immunity.

### 3. Count IX Spoliation of Evidence

Again, the Plaintiff is recycling an argument from the litigation in *Lawson v. Godderz*, 2025-CV-01179. And again, Eleventh Amendment sovereign immunity should bar the claim in so far as Plaintiff is asserting a separate claim.

Eleventh Amendment immunity is a jurisdictional bar. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Immunity from suit includes protection from unwarranted discovery. *See Greg Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (quoting *Siegert*, 500 U.S. at 231) (holding that "where the defendant raises the defense of

sovereign immunity and the defense is primarily one of law" discovery should not be allowed "'until the threshold immunity question is resolved'").

Because sovereign immunity protects against unwarranted discovery, Defendant requests Count IX be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

### V. Petitioner has failed to state claim for relief

Plaintiff's Amended Complaint should be dismissed for failure to state a claim for which relief can be granted.

#### A. Counts I, II, III, and IV

The Court has previously ruled that sovereign immunity bars the claims brought against the OAG. (Doc. 48). In addition, the Plaintiff has failed to state a claim against the OAG. Furthermore, the refiling of those claims against Defendant OAG appears to violate the Order Dismissing those claims. (Doc. 48).

#### B. Retaliation Claim

Retaliation claims proceed under the *McDonnell Douglas* burden shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also McGarry v. Bd. Of Cnty. Comm'rs*, 175 F.3d 1193, 1201 (10th Cir. 1999). Under this framework, Plaintiff must first present a prima facie case of retaliation. *Id.* at 802. Then, the burden of production shifts to the defendant to produce legitimate, non-discriminatory justification for taking the action in question. *Id.* Lastly, the burden shifts back to Plaintiff to show Defendant's reason for its action was merely a pretext for discrimination. *Id.* at 804. "To establish a prima facie case of retaliation, Plaintiff must show: (1) [she] engaged in protected

opposition to discrimination or participated in a proceeding arising out of discrimination; (2) [she] was subjected to [an] adverse [] action; and (3) a causal connection existed between the protected activity and the adverse [] action." *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1106 (D. Kan. 2003).

Here, Plaintiff's conclusory allegations fail to plead facts demonstrating any adverse action taken by the OAG. Indeed, a review of Plaintiff's "Adverse Action" Section reveals she does not allege *any* actions taken by the OAG, let alone an adverse action. (Doc. 55 at 32-33). Similarly, Plaintiff's "Causal Connection" Section only references the OAG once—which Plaintiff admits she does not even know if she actually contacted the OAG. (See Doc. 55 at 33) ("contacting the AG's Office Disability Rights section, if any"). Regardless, even if the Court found that Plaintiff contacted the OAG, she completely fails to illustrate any causal connection between an action taken by the OAG in response to Plaintiff's engaging in protected activities. Accordingly, the Court should dismiss Plaintiff's retaliation claim for failure to state a claim.

### C. Count VIII Fraud on the Court

Fraud upon the court is not a valid cause of action, rather it is procedural motion under Fed. Rule Civ. P. 60 for relief from judgment. Therefore, Plaintiff does not have a basis to seek a separate claim of relief based upon Fraud on the Court and such claim should be dismissed under Fed. R. Civ. P. 12(b)(6).

To extent the Court treats the request as a motion for relief under Rule 60, the OAG requests they deny Plaintiff's motion. "Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent

documents, false statements or perjury." *U.S. v. Buck.*, 281 F.3d 1336, 1342 (10th Cir. 2002). Additionally,

> "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."

*Id.* at 1342. Here, the Plaintiff broadly engages in impermissible group pleading, but to the extent there is a specific allegation against the OAG the Plaintiff asserts, "the AG's office, by summarily concluding, "no Kora violation," effectively mislead any reviewing court." (Doc. 55 at pg. 37 ¶ 4). The assertion is begging the question and is simply a conclusory allegation, relying on a tangential connection to this litigation. There is no allegation that the OAG has actually misled the Court, but rather that the Court could be misled if the alleged statement were submitted for review by the Court. Additionally, even if the implication were true (which it isn't) the alleged conduct does not arise to the standard of egregious misconduct to establish a fraud on the court. The Plaintiff has failed to meet her burden to establish Defendant OAG has committed fraud upon the Court and the Plaintiff's requests should be denied.

### D. Count IX Spoliation of Evidence

It appears the Plaintiff is incorrectly labeling her inclusion of a motion under Fed. R. Civ. P. 37(e) as a separate cause of action. To the extent it can be construed to assert a claim, Defendant asserts it should be dismissed for failure to state a claim because the

Plaintiff has made nothing further than conclusory allegations against the OAG and under Fed. R. Civ. P. 12(b)(6), the claim should be dismissed.

As a motion under Fed. R. Civ. P. 37(e), the Defendant requests the court deny the Plaintiff's motion. As the Court stated in *Lawson v. Godderz,* 2025-CV-01179 when denying a similar motion, the Plaintiff is premature in raising the issue. "Plaintiff's motion seeking sanctions, like her discovery requests, is premature. Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery." *Lawson v. Godderz,* 2025-CV-01179; (Doc. 33 pg. 3). Here, the Court has already previously entered an order staying discovery August 6, 2025 and dismissed Defendant OAG due to sovereign immunity in the Court's order entered on October 9, 2025. (*See* Docs. 40 and 48). Therefore, the Plaintiff has no basis at this time to assert any unjustified resistance to discovery. Additionally, because discovery has not commenced in the case the Plaintiff cannot meet her burden to establish spoliation of evidence. The Plaintiff has not, and could not, present the Court with any evidence to support spoliation by any party, and specifically the previously dismissed OAG. OAG ask that the Court deny the Plaintiff's request for a finding of spoliation.

## CONCLUSION

The Plaintiff's Amended Complaint (Doc. 55) defies the Courts previous order dismissing Defendant OAG from the litigation and reasserts previously dismissed claims. The Plaintiff raises additional claims and requests in the Amended Complaint in an apparent attempt to bypass the Court's previous orders in this case. However, as the Court has previously ruled the litigation is barred against the OAG by Eleventh

Amendment sovereign immunity. To extent there are claims not barred by sovereign immunity, the Plaintiff's conclusory allegations against OAG fail to state claim for which relief can be granted. Additionally, Plaintiff's motions incorporated within the Amended Complaint are barred by sovereign immunity; or alternatively, Plaintiff has failed to meet her burden under the motions and the requests should be denied.

WHEREFORE, Defendant Kansas Attorney General's Office prays that this Court enter an order dismissing Plaintiff's Amended Complaint (Doc. 55) for lack of authority to prosecute the claim FRCP 12(b)(6); for lack of subject matter jurisdiction under FRCP 12(b)(1); for failure to state a claim under FRCP 12(b)(6); deny the relief requested in the incorporated motions, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

KRIS W. KOBACH

ATTORNEY GENERAL OF KANSAS

*/s/ James Eric Todd*
James Eric Todd, KS No. 24297
Scott G. Nading, KS No. 29665
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
james.todd@ag.ks.gov
Scott.Nading@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Marc Altenbernt
*Attorney for Defendants*
*Kansas Department of Children and Families,*
*Amanda Miranda, and Heather Dunz*

I hereby certify that on this 12th day of November, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy served by means of first-class mail, postage prepaid, on the 13th day of November, 2025 addressed to:

Angeliina Lynn Lawson
1914 5th Avenue
Leavenworth, Kansas 66048
*Pro Se*

*/s/ James Eric Todd*
James Eric Todd