UNITED STATES DISTRICT COURT
for the District of Kansas

Angeliina Lynn Lawson,

      Plaintiff,

v.          Case No.: 2:25-CV-02171-JMB-TJJ

Kansas Department for
Children and Families, et al.,

      Defendants.

### DEFENDANTS THE KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, AMANDA MIRANDA, AND HEATHER DUNZ, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES' MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S AMENDED COMPLAINT
### And
### MEMORANDUM IN SUPPORT OF SAME

COME NOW the Defendants, the Kansas Department for Children and Families ("KDCF") and Amanda Miranda and Heather Dunz in their official and individual capacities, by and through their attorney Marc Altenbernt, and hereby move this Court for an order striking or dismissing the Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and 15. In support of their motion, said Defendants state as follows:

### STATEMENT OF RELIEF SOUGHT

KDCF and Miranda and Dunz move this Court to dismiss the Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim, 12(b)(1) for lack of subject matter jurisdiction due to Eleventh Amendment Immunity and qualified immunity, and Rule 15.

### NATURE OF THE CASE

The Plaintiff's Amended Complaint sounds in eleven causes of action, all of which relate to a pending custody dispute involving her minor child identified as D.L. She alleges that KDCF and KDCF employees Amanda Miranda and Heather Dunz violated her Constitutional rights, the ADA, Section 504 of the Rehabilitation Act and RICO.

## STATEMENT OF FACTS

The Plaintiff filed her Original Petition on or about April 2, 2025. [Document 1]. Pursuant to a Motion to Dismiss, this Court dismissed the original complaint under Federal Rules of Civil Procedure 12(b)(1) and (6) [Doc. 48]. The Court granted the Plaintiff leave to file an amended complaint pertaining only to Defendants Miranda and Dunz in their individual capacities. Despite this Court's directive, she filed the subject fifty-three (53) page Amended Complaint alleging eleven causes of action against KDCF, Miranda and Dunz, in their official and individual capacities, and the Kansas Attorney General, several of which were already dismissed with prejudice.

## ARGUMENTS AND AUTHORITIES

**I.   Any Count or Allegation Made Against the Kansas Department for Children and Families Should Be Stricken Pursuant to Federal Rule of Civil Procedure 15.**

Federal Rule of Civil Procedure 15(a) reads as follows:

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Given that the time provisions of Rule 15(a)(1) have long expired, any amendment to a pleading must comply with Rule 15(a)(2).  Virtually all of the Plaintiff's Amended Complaint violates this Rule and as such, those portions should be stricken.

By way of this Court's Memorandum and Order filed on October 9, 2025 [Doc. 48], this Court dismissed the Plaintiff's Complaint as against the Kansas Department for Children with prejudice.  The Court also dismissed any claims made against Amanda Miranda and Heather Dunz, in their official capacities, to the extent the Plaintiff was seeking monetary damages.  The Court granted the Plaintiff's request to amend her Complaint, but only as to Miranda and Dunz in their individual capacities [Doc. 48, Pg. 6].  Any further amendments required either leave from this Court, with notice to all parties and the opportunity to be heard, or by way of an agreement from defense counsel.  Neither of these options were utilized by the Plaintiff.  As such, those portions of the Amended Complaint not pertaining to Miranda and Dunz in their individual capacities should be stricken and the Plaintiff required to seek formal leave to amend with the proposed pleading attached, thereby giving defense counsel the ability to object if appropriate.

**II.     Matters Previously Resolved by This Court Should be Dismissed (Again).**

**A.     The Plaintiff Lacks Standing to Bring Action on Behalf of Her Child.**

This Court advised the Plaintiff that she is unable to bring a claim on behalf of her child unless represented by counsel [Doc. 48, Pgs. 3 and 6].  Despite this Court's specific direction, the Plaintiff again brings this matter on behalf of her child (as well as herself).  These Defendants adopt the arguments made by the Kansas Attorney General concerning the Plaintiff's inability to bring a claim on her child's behalf as of re-stated herein as well as this Court's own analysis.  This

Court should accordingly strike all allegations or claims brought by the Plaintiff on behalf of her child.

**B.     Plaintiff's Counts I – IV Should be Dismissed With Prejudice Pursuant to Rule 12(b)(6).**

The Plaintiff asserts causes of action against KDCF and Miranda and Dunz for constitutional violations brought under 42 U.S.C. §1983 in Counts I – IV [Doc. 55]. This Court previously dismissed these Counts as against KDCF and Miranda and Dunz in their official capacities pursuant to Eleventh Amendment Immunity [Doc. 48]. For the reasons set forth in the KDCF Defendants' prior Motion to Dismiss and in this Court's prior memorandum and judgment, Counts I – IV should be dismissed as to KDCF and Miranda and Dunz in their official capacities pursuant to Eleventh Amendment Immunity.

**III.    Claims Against Miranda and Dunz Individually Should be Dismissed Pursuant to Rules 12(b)(1) and (6).**

**A.     Count II – First Amendment (Retaliation).**

1    <u>Miranda and Dunz Possess Qualified Immunity from Suit</u>

Defendants Miranda and Dunz possess qualified immunity from suit for the allegations contained within Count II. In that regard, the United States Supreme Court has stated,

> The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.' *Groh v. Ramirez,* 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (KENNEDY, J., dissenting) (quoting *Butz v. Economou,* 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), for the proposition

> that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Regarding a plaintiff's obligation when qualified immunity is asserted by a defendant, as it has been here, the Tenth Circuit has stated,

> 'When a defendant asserts the defense of qualified immunity, the onus is on the plaintiff to demonstrate (1) that the official conduct violated as statutory or constitutional rights, *and* (2) that the right was clearly established at the time of the challenged conduct.' *A.M. v. Holmes*, 830 F.3d 1123, 1134 (10th Cir. 2016) (internal quotation marks omitted). If the plaintiff fails to make either showing, the defendant is entitled to qualified immunity. *Id*. at 1134-35.
>
> For a right to be clearly established, 'there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.' *Mocek v. City of Albuquerque*, 813 F.3d 912, 922 (10th Cir. 2015) (quotation marks omitted). The Supreme Court has cautioned 'not to define clearly established law at a high level of generality.' *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). The 'clearly established' inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
>
> Further, a 'clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.' *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012)). If reasonable officers could disagree, the right is not clearly established. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

*Lowther v. Children Youth and Family Department*, 101 F.4th 742, 756 (10th Cir. 2024).

The Plaintiff claims Defendants Miranda and Dunz retaliated against her when she exercised "First Amendment protected activity by petitioning the government for redress and speaking out on matters of public concern" [Doc. 55, Pg. 19]. This alleged protected activity consisted of filing complaints with KDCF and issuing open records requests. The alleged retaliation to that activity consisted of the following:

- Failing to produce records the Plaintiff believes she was entitled to;

- Excluded the Plaintiff from further communications with her child;

- Coordinated with the GAL and father's side to undermine Plaintiff's position in the custody matter.

None of the foregoing constitutes the violation of a constitutional or statutory right established by a Supreme Court or Tenth Circuit case on point. Failing to produce records, in and of itself, does not violate the constitution or a statutory right. What documents were they? How were they requested? Why were they rejected and/or redacted? Without answers to these questions, it is impossible for this Court to determine whether the alleged "failing to produce" is sufficient to defeat the defense of qualified immunity.

The other alleged "retaliation" suffers from the same deficiencies. How did Miranda and Dunz exclude the Plaintiff from communications with her child? How was the alleged exclusion, even if true, violative of the constitution or statute? Finally, how was the alleged "coordination with the GAL and father's side" a violation of a known constitutional right? In any custody case, evidence is entered in favor of one parent or the other. Presenting such evidence does not constitute unconstitutional coordination.

The simple fact remains that, despite the Plaintiff adding significantly to her original Complaint, she still fails to assert a cause of action under the First Amendment, via 42 U.S.C. §1983, that satisfactorily addresses Miranda and Dunz's qualified immunity defense. Therefore, this Court should dismiss Count II against Miranda and Dunz in their individual capacities due to their qualified immunity.

2. <u>Count II Fails to State a Claim</u>

In order to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a)(2), a plaintiff must allege "a short and plain statement of the claim showing that the pleader is entitled to relief" (emphasis added). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court offered the following regarding federal pleading standards,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), **a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, **courts 'are not bound to accept as true a legal conclusion couched as a factual allegation**). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) (**'[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'**)….

*Twombly*, 550 U.S. at 555-556 (emphasis added). Moreover, a court need not accept as true those allegations that state only legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, a plaintiff's claim must cross the line from "conceivable to plausible." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). That the instant Plaintiff is pro se "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

The Plaintiff has failed to sufficiently plead a cause of action for First Amendment retaliation. As stated above, the Plaintiff alleges three types of retaliation on the part of Defendants Miranda and Dunz: (1) failing to produce records the Plaintiff believes she was entitled to; (2) excluded the Plaintiff from further communications with her child; and (3) coordinated with the GAL and father's side to undermine Plaintiff's position in the custody matter [Doc. 55, Pg. 19]. None of these allegations, on their face, constitute retaliation. The Plaintiff fails to provide any

details that would substantiate a violation of the First Amendment if taken as true. As such, this Court should dismiss Count II.

      **B.**      **Count IV – Deprivation of Bodily Injury and State-Created Danger.**

The Tenth Circuit, reiterating the United States Supreme Court, stated as follows regarding a claim for state-created danger:

> In general, state actors may only be held liable under § 1983 for their own acts, not the acts of third parties. *DeShaney v. Winnebago County of Dep't of Social Services,* 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The "danger creation" exception to this rule applies only when "a state actor affirmatively acts to create, or increases a plaintiff's vulnerability to, or danger from private violence." *Currier v. Doran,* 242 F.3d 905, 923 (10th Cir.2001).
>
> To state a prima facie case, the plaintiff must show that (1) state actors created the danger or increased the plaintiff's vulnerability to the danger in some way, (2) the plaintiff was a member of a limited and specifically definable group, (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm, (4) the risk was obvious or known, (5) the defendants acted recklessly in conscious disregard of that risk, and (6) the conduct, when viewed in total, shocks the conscience. *Ruiz v. McDonnell,* 299 F.3d 1173, 1182–83 (10th Cir.2002).

*Robbins v. Oklahoma*, 519 F.3d 1242, 1251 (10th Cir. 2008). Count IV fails to sufficiently address any of the foregoing elements. For example, the Plaintiff alleges that Miranda and Lunz concealed D.L.'s abuse disclosures [Doc.55, Pg. 23]. Concealed them from whom? She alleges the Plaintiff was prevented from intervening. How? Plaintiff alleges Miranda and Dunz "left D.L. in the unsupervised custody of the alleged abuser (his father) without the safeguard of parental or judicial awareness." Such a fact is not possible unless KDCF had custody of the child. The Plaintiff never alleges that KDCF had custody of the child, however. Without custody, how could Miranda and Dunz place the child anywhere?

What the Plaintiff purposefully fails to allege is the existence of a custody battle taking place between her husband and herself in State court. Like many other parties like her, the Plaintiff is unhappy with how that custody dispute is going. Neither KDCF nor its employees can "conceal"

a child or leave a child unsupervised. Only a court can order where a child is placed. In this case, it appears (although not alleged) that the child was placed with his father by the family law court. The Plaintiff has failed to allege that Miranda and Dunz affirmatively acted to place D.L. in "serious, immediate, and proximate harm." The closest she comes is to allege that Miranda and Dunz knew of abuse allegations and took no action. Such passive involvement, even if true, does not constitute state-created danger. As such, Count IV should be dismissed pursuant to Rule 12(b)(6). Count IV should also be dismissed pursuant to Rule 12(b)(1) as Miranda and Dunz possess qualified immunity from suit under 42 U.S.C. §1983 and the Plaintiff has failed to allege (1) that the official conduct violated statutory or constitutional rights, *and* (2) that the right was clearly established at the time of the challenged conduct.

**IV.     Count V for Violation of Title II of the Americans With Disabilities Act Filed Against KDCF and Miranda and Dunz in Their Official Capacities Should be Dismissed Pursuant to Rule 12(b)(6).**

To state a claim for a violation of Title II of the ADA, a plaintiff must plead facts sufficient to prove the following:

> (1) she is a qualified individual with a disability; (2) she was excluded from the benefits or services of a public entity or otherwise was discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was because of her disability.

*Swenson v. Lincoln County School Dist. No. 2*, 260 F.Supp.2d 1136, 1144 (D. Wyo. 2003) (citing *Gohier v. Enright,* 186 F.3d 1216, 1219 (10th Cir.1999)). The Plaintiff has failed to allege facts sufficient to satisfy the foregoing and as a result, Count V should be dismissed.

Regarding her disability, the Plaintiff alleges that "during the events in question, Plaintiff had impairments that substantially limit major life activities such as thinking, coping with stress, and communicating in adversarial settings" [Doc. 55, Pg. 25]. At no point does the Plaintiff actually allege a recognized disability. What impairments? Are they diagnosed? Simply alleging

that one has a disability is conclusory. Without the Plaintiff actually identifying the alleged disability, her claim under the ADA must fail.

Similarly, the Plaintiff fails to allege that she ever communicated her disability and resulting need for accommodations to KDCF, Miranda, or Dunz. She testifies that she sought accommodations but fails to allege that she communicated the existence of an alleged disability. Finally, she fails to allege that the requested accommodations were declined *because* of her alleged disability. The Plaintiff expresses her dissatisfaction with the response she received for requesting accommodations but fails to allege that the refusal was due to her disability. Instead, she vaguely asserts that "this conduct shows that DCF denied Plaintiff access 'by reason of her disability,'" when the preceding allegations do no such thing [Doc. 55, Pg. 37]. As such, Plaintiff's Count V should be dismissed for failure to state a claim.

**V.    Count VI for Violation of Section 504 of the Rehabilitation Act Filed Against KDCF and Miranda and Dunz, in Their Official Capacities Should be Dismissed Pursuant to Rule 12(b)(6).**

"To state a claim for disability discrimination under the Rehabilitation Act, a plaintiff must prove the same elements required to prevail under Title II of the ADA." *Swenson*, 260 F.Supp.2d at 1144 (citing *Nielsen v. Moroni Feed Co.,* 162 F.3d 604, 608 n. 7 (10th Cir.1998)). Given the identical nature of the elements, the ADA analysis above is incorporated herein by reference. Moreover,

> The Tenth Circuit has held that to be entitled to compensatory damages under section 504 of the Rehabilitation Act, a plaintiff must prove the defendant intentionally discriminated against her on the basis of disability.

*Id.* (citing Powers *v. MJB Acquisition Corp.,* 184 F.3d 1147, 1153 (10th Cir.1999)). The Plaintiff fails to allege that the KDCF Defendants intentionally discriminated against her on the basis of her alleged disability. As such, Count VI should be dismissed pursuant to Rule 12(b)(6).

**VI.   Count VII for Retaliation under the ADA and Rehabilitation Act Filed Against KDCF and Miranda and Dunz in Their Official and Individual Capacities Should be Dismissed Pursuant to Rules 12(b)(6).**

The Plaintiff alleges the Defendants retaliated against her for exercising activity "protected by the ADA and Rehabilitation Act" [Doc. 55, Pg. 32].  However, all of her alleged retaliation is identical to the alleged retaliation in Count II and none of it actually constitutes retaliation in violation of either the ADA or the Rehabilitation Act.  Moreover, even if the Plaintiff's allegations constitute retaliation, the Plaintiff has failed to allege that she actually advised Miranda and Dunz of her qualified disability and request for accommodation.  There cannot be retaliation if the very thing they are alleged to have retaliated against is not protected activity.  Count VII should be dismissed for failure to state a claim.

**VII.   Count VIII for Fraud Upon the Court and Count IX for Spoliation of Evidence Should be Dismissed Pursuant to Rule 12(b)(6).**

In Counts VIII and IX, the Plaintiff alleges causes of action for Fraud Upon the Court and Spoliation of Evidence, respectively.  Neither claim constitutes an actionable cause of action under either Kansas or Federal law at this stage of litigation.  As such, Counts VIII and IX should be dismissed.

**VIII.   Counts X and XI for RICO Violations Should be Dismissed pursuant to Rule 12(b)(6).**

With her Counts for RICO violations, the Plaintiff finds herself dangerously close to offering frivolous allegations.

> To state a civil RICO claim, a plaintiff must adequately plead that (1) the defendant violated the RICO statute and (2) the plaintiff was injured 'by reason of' that violation. 18 U.S.C. §§ 1962, 1964(c); *see Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017). A defendant violates the RICO statute when the defendant (1) invests in, controls, or participates in the conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity. *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (citing 18 U.S.C. § 1962(a), (b), & (c)). 'Racketeering activity' is defined by statute to include indictable acts of mail and wire fraud as prohibited under 18 U.S.C. §§ 1341 and 1343, respectively. 18

U.S.C. § 1961(1)(B). 'These underlying acts are referred to as predicate acts.' *Tal*, 453 F.3d at 1261 (internal quotation mark omitted).

*Gaddy v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints*, 148 F.4th 1202, 1210 (10th Cir. 2025). The Plaintiff alleges five racketeering activities: Mail Fraud, Wire Fraud, Obstruction of Justice, Retaliation Against Witness/Victim, and Fraud in Official Capacity [Doc. 55, Pg. 43]. The Plaintiff fails to sufficiently allege any of these activities.

### A. Mail and Wire Fraud

To properly state a RICO claim based on mail and wire fraud, a plaintiff

'must plausibly allege [1] 'the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises,' and [2] that [the defendant] communicated, or caused communications to occur, through the U.S. mail or interstate wires to execute that fraudulent scheme." *George*, 833 F.3d at 1254 (quoting *Tal*, 453 F.3d at 1263).

*Id.* at 1210-1211. The Plaintiff fails to allege anything that would comply with the foregoing. Most importantly, she fails to allege any "scheme to defraud or obtain money or property by false pretenses, representations or promises." Instead she alleges that parties used the mail or email to transmit "false representations" [Doc. 55, Pg. 42]. Such an allegation falls far short of mail or wire fraud.

### B. Obstruction of Justice

The Plaintiff first alleges that DCF actors interfered with witness testimony by coercing D.L. to "remain silent about abuse" [Doc. 55, Pg. 42]. When trying to be more specific about her allegation, however, the Plaintiff then only alleges that the GAL told the boy to not testify truthfully. She alleges that Miranda and Dunz "took steps to destroy evidence (the missing file)" but fails to identify the missing file [Doc. 55, Pg. 42]. None of this constitutes obstruction of justice.

### C. Retaliation Against Witness/Victim

The Plaintiff asserts that she was harassed in retaliation of trying to "expose the abuse and DCF's failures" [Doc. 55, Pg. 43]. However, she fails to identify the party whom she claims retaliated against her. Moreover, the Plaintiff fails to identify any conduct that constitutes retaliation under 18 U.S.C. §1513.

### D. Fraud in Official Capacity

The Plaintiff alleges violations of 18 U.S.C. §§1341 and 1346, which she identifies as "Fraud in Official Capacity" [Doc. 55, Pg. 43]. These Defendants are uncertain as to what the Plaintiff is alleging here. Neither referenced statute is referenced as "Fraud in Official Capacity," and the latter section has been found to be unconstitutionally vague. *Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 854 (8th Cir. 2012). As such, "Fraud in Official Capacity," cannot be considered as a racketeering activity under RICO.

The Plaintiff's RICO claim should be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, the Defendants, the Kansas Department for Children and Families, Amanda Miranda and Heather Dunz, in their official and individual capacities, respectfully request that this Court grant this Motion to Dismiss and dismiss this matter accordingly, and for any other relief it deems just.

Respectfully Submitted,

*/s/ Marc Altenbernt*
Marc Altenbernt, SC#28745 General Counsel
Kansas Department for Children and Families
555 S. Kansas Ave., 6th Floor
Topeka, KS 66603
Tel:   (785) 250-0380
Fax:   (785) 296-4960
Marc.Altenbernt@ks.gov
*Attorney for Defendants, DCF*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which sent electronic notification of such filing to all those individuals currently electronically registered with the Court on the 13th day of November 2025, and to Plaintiff, via email:

AngliinaCourtRecords@gmail.com

                                         */s/ Marc Altenbernt*_____
                                         Marc Altenbernt, #28745