IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff, Pro Se and Next Friend to Minor D.L.,

ADA-Protected Litigant and Advocate,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, et al.,
Defendants.

Case No. 2:25-cv-02171

TRIAL BY JURY DEMANDED

RULE 60(d)(3) FRAUD UPON THE COURT

CONSTITUTIONAL CRISIS CERTIFICATION

DISQUALIFICATION OF JUDGES

ARTICLE III COLLAPSE NOTICE

ADA RETALIATION

PRESERVATION FOR U.S. COURT OF FEDERAL CLAIMS

EMERGENCY NOTICE TO PRESERVE CONSTITUTIONAL CLAIMS AND OBJECTION TO JUDICIAL RETALIATION, ARBITRAL CONDITIONS, AND DUE PROCESS DEPRIVATION

Plaintiff respectfully files this Emergency Preservation Notice to prevent further retaliation, mischaracterization, and unlawful obstruction of her constitutional rights under the First, Fifth, and Seventh Amendments, as well as federal statutes and disability protections. Plaintiff is

indigent, disabled, and without legal representation and thus invokes all constitutional safeguards required under IFP status and ADA Title II.

I. CONTEXT AND RETALIATORY CONDITIONS

1. Plaintiff's amended complaint was struck without a hearing.

2. No evidentiary findings or discovery occurred.

3. Judge Broomes has issued language branding Plaintiff as:

    o "*Frivolous*" ,"*Vexatious*" (Global attacks on character)

    o "*Abusive*" (Judicial defamation)

    o "*Mercilessly carpet-bombing this court*" (militarized metaphors)

    o "*Drawn the ire of virtually every judge…*" (Gossip based bias)

4. These statements are: Procedurally unsupported, rhetorically hostile. Extrajudicial and hearsay-driven. Intended to chill protected filings under ADA and Rule 60(d)(3). Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993): Hostile environment standard. Alexander v. United States, 509 U.S. 544 (1993): First Amendment can't be chilled by prior restraint

5. Liteky v United States, 510 U.S. 540 (1994) "*Judicial remarks… that reveal such a high degree of favoritism or antagonism as to make fair judgement impossible*"

6. REQUIRE RECUSAL.

7. This is not adjudication, this is judicial hate speech.

8. Judge Broomes has improperly inserted himself as a witness into the record, in violation of Federal Rule of Evidence 605, by asserting extrajudicial reputational facts such as: '*Plaintiff has drawn the ire*...' This conduct renders him both adjudicator and fact witness, collapsing impartiality.

9. Tumey v. Ohio, 273, U.S. 510 (1927) "*It certainly violates the Fourteenth Amendment…when the judge has a direct, personal, substantial interest in the outcome*" to destroy, humiliate, deny, discredit the character of the litigant while snubbing arrogance that a federal courtroom is only for blue bloods, wealthy and must be for his entertainment. Our founding fathers would call this judge a tyrant and throw him off the bench for treason to the constitution of united states and give the power to the people to take back when there is abuse of power from the bench. These orders are a Tumey violation when judicial bias taints jurisdiction.

10. Canon 2 and 3 of the Code of Conduct for US Judges: Canon 2(A): *"A judge should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."* Canon 3(A)(4): *"A judge should not initiate, permit, or consider ex parte communications..."* Canon 3(C)(1): *"A judge shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned."* Broomes admitted to receiving or channeling out-of-record judicial sentiment. This violates all 3 canons.

11. Canon 3(B)(5): No retaliation "A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice…" Canon 3B(6) "*A judge shall require order and decorum in proceedings... and refrain from words or conduct that could reasonably be perceived as bullying, hostility, or intimidation of litigants.*"

12. Canon 1 and the Oath of Office. Under 5 U.S.C. § 3331, Judge Broomes swore to: "*...support and defend the Constitution of the United States against all enemies, foreign and domestic…*" By suppressing whistleblower ADA claims, striking fraud motions, and issuing personalized condemnations, he has vacated that oath in spirit and operation. By

adopting the rhetoric and hearsay of third-party judges, the presiding judge has violated Canons 2 and 3 of the Code of Judicial Conduct, requiring immediate referral under 28 U.S.C. § 354(b).

13. Plaintiff has not had access to: A neutral forum, an evidentiary hearing, a jury trial, or discovery for disputed facts

14. KS Constitution, Bill of Rights §5 – *Trial by Jury* "The right of trial by jury shall be inviolate." He has: Struck Plaintiff's complaint. Denied hearings. Resolved factual disputes. Ignored Rule 60(d)(3) and Rule 27. This Court's actions now raise serious structural questions under the Seventh Amendment, Article III, Liteky v. United States, and the Kansas Constitution §5. Plaintiff's constitutional right to a jury trial has been extinguished without due process.

## *Without jury this is a Kansas and U.S. constitutional crisis*.

Dkt. 73 functions as a procedural kill switch: it disables the ability of a pro se ADA whistleblower to bring any future filings, suppresses unresolved motions (including Dkt. 28, Rule 27), and degrades federal Article III access into a retaliatory enforcement arm of state actors.

By refusing to rule on pending motions (Rule 60, Rule 27), eliminating jury review, and substituting facts with invective, this Court no longer operates within an Article III function. The neutral judicial forum guaranteed by the Constitution has collapsed under retaliatory discretion.

II. STRUCTURAL CONSTITUTIONAL VIOLATIONS AND SUPPLEMENTAL DAMAGES PRESERVATION

Plaintiff preserves the following:

A. Due Process and First Amendment Violations

- Threats of sanctions against a disabled IFP litigant for exercising grievance rights. Chambers v. NASCO, 501 U.S. 32 (1991): Sanctions can't be retaliatory.
- Suppression of filings that are authorized under federal rules.
- Plaintiff preserves all claims under 42 U.S.C. § 1983 for deprivation of federal constitutional rights under color of law, including First, Fifth, and Seventh Amendment injuries inflicted through the unlawful suppression of whistleblower evidence and denial of jury access.

B. Violation of Seventh Amendment – Jury Trial Denial

- Judge Broomes has resolved fact-bound claims (fraud, ADA retaliation, spoliation, Rule 60(d)(3)) without a jury.
- Fact-bound claims (fraud, ADA retaliation, spoliation, Rule 60(d)(3)) resolved without a jury.

C. Judicial Unfitness and Mental Impairment Concerns

- Judge Broomes' excessive hostility and repeated extrajudicial references to the "ire" of other judges suggest a compromised judicial temperament and citing out of court reputational facts not the record.
- A judge cannot be witnesses, Fed. R. Evidence 605 "The presiding judge may not testify as a witness at the trial. A party need not object to preserve the issue."

- Pursuant to supervisory authority and the safety of the judicial process, Plaintiff demands a psychiatric and cognitive fitness evaluation under standards applicable to Article III judicial officers.
- SCOTUS: *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) *"Even the probability of bias violates due process and that probability is established when a judge acts on personal attacks, hearsay, and retaliatory tone rather than evidence or law."*
- Giglio v. United States, 405 U.S. 150 (1972) *"The government's failure to disclose key material affecting the credibility of state agents constitutes a denial of due process."*

D. Treason, Oath Violation, and Non-Judicial Conduct

- A judge who refuses to uphold constitutional duties, suppresses truth, blocks a jury trial, and retaliates against whistleblowers is not engaging in lawful adjudication.
- If any judge signs without the full authority and name of the Court, and attorneys collude with such orders without challenging the absence of jurisdictional authority, then those proceedings are non-judicial and arbitral in nature, per constitutional standards and case law.
- Plaintiff cites U.S. v. Will, 449 U.S. 200, 216 (1980), and Cohen v. Virginia, 19 U.S. (6 Wheat.) 264, 404 (1821) to preserve claims of structural violation.
- Attorneys who do not report these constitutional violations and conspire to block evidence access may be complicit in misprision of treason.

*Failure to report such violations may constitute misprision of treason.*

III. PRESERVED FEDERAL DAMAGES CLAIMS UNDER TUCKER ACT

In addition to prior ledger (Dkt. 72), Plaintiff incorporates:

- $1,000,000 for unlicensed FDIA-style psychiatric profiling
- $750,000 for covert psychiatric narrative blocking reunification
- $1,000,000 for trauma to mother/child from false profiling
- $500,000 for sealed record misuse
- $42,600,000 (to date) for 426 days of unconstitutional custody deprivation @ $100K/day
- $2,000,000 for RICO-related access obstruction

Total Claim: $47,850,000 + $38,000,000 = $85,850,000

All claims are preserved for submission to the U.S. Court of Federal Claims and reflect actionable torts, ADA retaliation, fraud upon the court, and judicial gatekeeping beyond constitutional limits.

Plaintiff has submitted these claims in parallel to administrative oversight bodies and is preparing formal claims presentment under 28 U.S.C. § 2675 and § 1491 to initiate Tucker Act jurisdiction should this Article III court remain unavailable.

IV. DEMAND FOR CERTIFICATION AND PRESERVATION

Plaintiff demands the following be entered into the record:

1. That Plaintiff has preserved all constitutional claims and objections to Dkt. 73 and the Court's retaliation.

2. That Plaintiff maintains claims under: Rule 60(d)(3), Rule 27 (evidence preservation), ADA Title II (42 U.S.C. § 12131 et seq.), ADA Retaliation (42 U.S.C. § 12203(b)), Civil rights interference (42 U.S.C. § 1985(2)), Tucker Act (28 U.S.C. § 1491)

3. That Plaintiff explicitly objects to:
    - Non-judicial enforcement of power absent constitutional authority
    - Retaliation via language, suppression, and denial of hearing

4. Preservation of right to appeal under 28 U.S.C. § 1291 and § 1292, and simultaneous certification for transfer to the U.S. Court of Federal Claims under Tucker Act jurisdiction due to structural obstruction of Article III access.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests:

1. Judicial certification of structural fraud, retaliation, and jury deprivation.
2. Referral of Judge Broomes to the Tenth Circuit Judicial Council for mandatory psychiatric/cognitive review and disciplinary inquiry.
3. A finding that Plaintiff's federal claims remain preserved.
4. Clarification whether this court still claims Article III jurisdiction while refusing to adjudicate Rule 60(d)(3), Rule 27, and ADA filings.
5. Referral to the Judicial Conference of the United States under 28 U.S.C. § 354(b) for structural misconduct affecting public confidence in judicial neutrality.
6. Certification of monetary injury to preserve federal jurisdiction in U.S. Court of Federal Claims.

7. Disclosure of any internal communications or court administrative directives between chambers and the Kansas Attorney General's Office or state actors regarding Plaintiff, as a matter of due process and fair adjudication.

8. Preservation of right to appeal under 28 U.S.C. § 1291 and § 1292, and simultaneous certification for transfer to the U.S. Court of Federal Claims under Tucker Act jurisdiction due to structural obstruction of Article III access.

9. Plaintiff also requests declaratory judgment that the actions of this Court (specifically Dkt. 73) constitute structural due process violations, fraud upon the court, and retaliatory judicial conduct in violation of First, Fifth, and Seventh Amendments.

10. To protect whistleblower rights and constitutional access to court, Plaintiff requests a stay or sealing of any sanctions proceeding until a Rule 60(d)(3) hearing has occurred.

11. That any sanctions or suppression attempts be vacated or stayed pending resolution of the pending Rule 60(d)(3) motion and constitutional due process defects.

Respectfully submitted,                                           Date: November 28, 2025

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff, ADA Advocate, and Next Friend to D.L.

1914 5th Avenue, Leavenworth, KS 66048

CERTIFICATE OF SERVICE

On November 28, 2025 I certify that a true and correct copy of the foregoing was filed and served via the Court's CM/ECF system on all registered parties on this date.

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff, ADA Advocate, and Next Friend to D.L.