IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

           Plaintiff,

v.                                            Case No. 25-2171-JWB

KANSAS DEPARTMENT FOR CHILDREN
AND FAMILIES, KANSAS ATTORNEY
GENERAL'S OFFICE, AMANDA MIRANDA,
and HEATHER DUNZ, in their individual and
official capacities,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court upon Plaintiff filing her first amended complaint. (Doc. 74.)

**I.    Facts**

Plaintiff Angeliina Lawson brings claims against Kansas Department for Children and Families ("DCF") employees Amanda Miranda and Heather Dunz. The underlying allegations generally involve child protection investigations conducted by DCF and involving Plaintiff's child. As such, Plaintiff brings this action on behalf of herself *and her minor child*.

On April 2, 2025, Plaintiff filed her initial complaint. (Doc. 1.) Notably, she brought claims on behalf of her minor child. On June 2, 2025, Defendants filed a motion to dismiss. (Doc. 11.) This court took the motion under advisement and instructed Plaintiff to file an amended complaint on or before October 30, 2025, that complied with the order and Federal Rule of Civil Procedure 8(a). (Doc. 48.) Among the instructions in the order was that Plaintiff could not bring claims on behalf of her minor child. Specifically, this court stated:

> At the outset, the court first addresses Plaintiff's claims brought on behalf of her minor child. "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child

1

> cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Therefore, any claims on behalf of Plaintiff's child are subject to dismissal.

(*Id.* at 3.) Subsequently, Plaintiff timely filed her first amended complaint which included claims brought on behalf of her minor child. (Doc. 55.) This court struck the first amended complaint and stated:

> Plaintiff [is] cautioned. . . to omit any claims on behalf of her child as Plaintiff is proceeding pro se. . . . Plaintiff will be allowed one final opportunity to comply with this court's order. Plaintiff may file an amended complaint on or before December 1, 2025. Should she fail to file an amended complaint or if the amended complaint does not comply with the directives in the court's prior order (Doc. 48), this matter will be dismissed without further notice.

(Doc. 67.) Subsequently, Plaintiff timely re-filed her first amended complaint. (Doc. 74.) It again included a plethora of claims brought on behalf of her minor child.[1] In response to Plaintiff continually defying this courts reasonable orders, this court is poised to dismiss the instant action.

**II.      Standard**

The court is mindful that Plaintiff proceeds pro se. As a pro se litigant, Plaintiff's pleadings are to be construed liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this does not alleviate Plaintiff's burden. *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988). Further, the court may not assume the role of advocate for the pro se litigant. *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999); *Sallaj v. Feiner*, No. 23-CV-01172-EFM-BGS, 2024 WL 112303, at *2 (D. Kan. Jan. 10, 2024) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("Plaintiffs are not excused from following procedural rules—including local rules—simply because they choose to proceed pro se.").

---

[1] Plaintiff states that she "brings this action . . . on behalf of [D.L.] who lacks the capacity to litigate." (Doc. 74 at 5.) And throughout the first amended complaint, nearly every allegation brought by Plaintiff is on behalf of her minor son.

2

To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's SAC does not.

**III.    Analysis**

This court previously ruled that Plaintiff's complaint was subject to dismissal. (Doc. 48.) The court stayed that ruling as to the two individual Defendants. The court allowed Plaintiff to amend her claims against those two individual Defendant only. Had Plaintiff complied with the court's instructions, the court was inclined to allow an amended complaint to be filed and the parties to again brief a motion to dismiss. Despite this court's express admonitions that failure to comply with the court's orders could result in dismissal of the case (Docs. 48, 67), Plaintiff has failed to comply with this court's orders directing that she file an amended complaint that does not include claims brought on behalf of her minor child. Accordingly, Federal Rule of Civil Procedure 41(b) authorizes this court to dismiss an action "[i]f the plaintiff fails to . . . comply with . . . a court order." Fed. R. Civ. P. 41(b); *see Link v. Wabash R. Co.*, 370 U.S. 626, 630–32 (1962) (holding district court's have inherent power to *sua sponte* dismiss cases pursuant to Fed. R. Civ. P. 41(b)).[2]

While dismissal of this action is clearly warranted, it would not be appropriate to dismiss Plaintiff's claims against Amanda Miranda and Heather Dunz with prejudice due to Plaintiff's pro se status. *See Jones v. Greyhound Lines, Inc.*, No. CV 08-1185-MLB, 2010 WL 11627492, at *2 (D. Kan. Sept. 14, 2010) ("The court is reluctant to dismiss this case with prejudice due to

---

[2] "Although the language of Rule 41(b) requires that the defendant move to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Herrington v. Unknown Police Officer #1*, No. 22-1256, 2023 WL 5093712, at *2 (10th Cir. Aug. 9, 2023) (citing *Link*, 370 U.S. at 630–31).

plaintiff's pro se status"). Therefore, dismissal of those claims without prejudice is warranted. *See* Fed. R. Civ. P. 41(b); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir.2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Burnham v. United States*, No. 22-1436, 2023 WL 4994940, at *1 (10th Cir. Aug. 4, 2023) ("District courts have broad discretion in determining whether to dismiss a civil action without prejudice for failing to comply with court orders.").

Given Plaintiff's pro se status, the court thus far has opted on a conservative approach giving Plaintiff multiple opportunities to correct errors and informing her of her specific duties in complying with court orders. But Plaintiff's intentional defiance of reasonable orders in this case has reached the point where it is consuming a considerable amount of the court's time and, more importantly, is delaying the legal process of this case and others before this court. Because warning Plaintiff has proven ineffective, the court now dismisses another one of her actions.[3]

**IV.    Conclusion**

THEREFORE, the court DISMISSES WITHOUT PREJUDICE the instant action for the reasons stated in the court's prior order (Doc. 48) and for Plaintiff's continued failure to comply with court orders. Further, Defendant's motion to dismiss (Doc. 11) is GRANTED.

IT IS SO ORDERED. Dated this 11th day of December, 2025.

       s/ John W. Broomes
       JOHN W. BROOMES
       CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See*, *e.g.*, *Lawson v. Godderz*, Case No. 25-2199-JWB; *Lawson v. Lawson*, Case No. 25-4045-JWB.